## BLANKENSHIP *v.* STATE.

Decided December 19, 1891.

1. *Larceny—Ownership—Variance.*

Where an indictment for larceny charges the goods stolen to have been the property of J. P. K. and G. W. L., and the evidence shows that they were the property of J. P. K. and E. S. L., the variance is fatal unless the goods alleged to have been stolen are described in other respects with such certainty as to identify the act. (Mansf. Dig., section 2111.)

2. *Instruction—Matters of fact.*

In a larceny case an instruction invades the jury's province which charges that if the defendant denied having in his possession goods which had been stolen, and such goods were found in his possession immediately after his denial, and he failed to explain such possession, these facts were sufficient to sustain a conviction.

3. Alibi—*Burden of proof.*

Where the evidence adduced to prove an *alibi* is sufficient, considered with the other evidence, to create in the minds of the jury a reasonable doubt as to defendant's guilt, he is entitled to an acquittal.

APPEAL from *White* Circuit Court.

GRANT GREEN, JR., Judge.

*House & Cantrell* for appellant.

1. If the evidence as to an *alibi* was sufficient to create a reasonable doubt in the minds of the jury, as to whether defendant was present, it was the duty of the jury, to acquit, and the jury should have been so charged. 39 Ohio St., 215; Bish., Cr. Pro., sec. 1066; Whart., Cr. Ev., sec. 333; 46 Ark., 152.

2. The ownership of the property must be proved as alleged in the indictment. 42 Ark., 73.

3. The court invaded the province of the jury. They were the sole judges of the weight and credit to be given the testimony. Art. 7, sec. 23, Const.; 37 Ark., 592; *ib.*, 193; 49 *id.*, 448; *ib.*, 153; 43 *id.*, 294; 45 *id.*, 172; 50 Ark., 483; 52 *id.*, 263; 54 *id.*, 621; 44 *id.*, 39; 34 *id.*, 39; 42 Ind., 354; 21 Tex. App., 188; 28 *id.*, 560; 72 Ala., 220; 65 Ga., 506; 12 Iowa, 450; 79 Ill., 441; 65 Cal., 109–113; Thompson, Trials, secs. 2287–2540; 59 Mo., 112.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman* for appellee.

1. The second instruction given on behalf of the State was proper. 34 Ark., 443; 44 *id.*, 41; 54 Ill., 405; 103 Ill., 82; 36 Miss., 96; 52 *id.*, 695.

2. The third instruction for the State is inaccurately drawn, yet the court·elsewhere told the jury that they must acquit unless satisfied of defendant's guilt beyond a reasonable doubt.

3. The court's charge as·to the variance between. the al· legation and proof of ownership of the property is questionable. See Gantt's Dig., sec. 1786; 32 Ark., 302; 2 Bish., Cr. Pro., sec. 723.

BATTLE, J. John Blankenship was indicted in the White circuit court for grand larceny and for receiving certain goods, knowing them to be stolen, with the·intent to deprive the true owner thereof. The indictment contained two counts, he being charged with grand larceny in one and with receiving stolen goods in the other. The goods mentioned in both counts were alleged to be the property of J. P. Kirby and G. W. Leggett. The defendant was tried and convicted of grand larceny. He filed a motion for a new trial, which was overruled. He was then sentenced to the penitentiary for one year, and he appealed.

At the trial evidence was adduced tending to prove that the goods mentioned in both counts of the indictment were the property of J. P. Kirby and E. S. Leggett and were in the joint and equal possession and control of both of them. The defendant asked the court to instruct the jury that if the evidence showed that the goods alleged to be stolen were not the property of J. P. Kirby and G. W. Leggett, but of J. P. Kirby and E. S. Leggett, they should acquit the defendant unless it appeared from the evidence that J. P. Kirby, at the time the alleged larceny was committed, had the exclusive ownership or control of the property; but the court refused to so instruct, and instructed the jury

1. Variance as to ownership of property stolen.

"that the ownership of the property, as alleged in the indictment, was a material allegation," and that if they found from the evidence that the goods stolen were the property of a firm styled Kirby & Leggett, composed of J. P. Kirby and E. S. Leggett, instead of J. P. Kirby and G. W. Leggett, the variance between the allegation in the indictment and the evidence, as to the ownership, would be immaterial. In instructing the jury in this manner the court erred. There was no allegation in the indictment that the goods stolen belonged to a firm styled Kirby & Leggett, composed of J. P. Kirby and G. W. Leggett. The allegation was that they belonged to J. P. Kirby and G. W. Leggett. The ownership of the property should have been proved as alleged in the indictment. *Scott v. State,* 42 Ark., 73.

Appellee has cited *State v. Jourdan,* 32 Ark., 203, to sustain the instruction of the court. The indictment in that case contained two counts. In one count the defendant was accused of stealing a steer, the property of one M. G. Wainwright, and in the other he was charged with stealing an ox, the property of J. B. Atkinson. The defendant demurred to the indictment on the ground that it charged him with more than one offense. The question was, did the indictment charge him with more than one offense? This was the only question presented in that case. This court held that two offenses were charged in the indictment, and that the demurrer should be sustained. And then said in the opinion: "It seems, however, that, under a provision of the criminal code, an error in the indictment as to the name of the party injured is not fatal on the trial. Gantt's Dig., sec. 1786. Hence, it seems to be unnecessary now to add a second count to obviate uncertainty in the evidence as to the name of the party injured." This was a dictum. Even if it was not a dictum, the court did not undertake to say how an uncertainty as to the party injured could be obviated according to the criminal code.

Section 1786 of Gantt's Digest is section 2111 of Mansfield's Digest, which is as follows: "Where an offense in-

volves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material." Assuming that this section is applicable to cases like this, an erroneous allegation as to the ownership of the goods stolen can only be cured by describing the alleged offense in other respects with such certainty as to identify the act. *McBride* v. *Commonwealth,* 13 Bush., 337. There was no such description of the offense in the indictment in this case, and hence this statute did not relieve the State of the necessity of proving that the goods stolen belonged to J. P. Kirby and G. W. Leggett.

Evidence was adduced at the trial tending to prove that the defendant denied having in his possession any of the stolen goods, and that, immediately after this denial and soon after the larceny was committed, a part of them was found in his possession. Defendant introduced testimony to show that a part of the goods so found had been purchased by him, and that those which had not been purchased were given to him, and that, at the time when the offense charged in the indictment was committed, he was not at the place where the goods were stolen. Upon this evidence instructions were given to the jury over the objection of the defendant.

2. Instruction as to matters of fact.

The circuit court undertook to say to the jury what weight they might attach to the denial of the defendant as to the possession of the stolen goods and the fact that a part of them was found in his possession immediately after the denial was made and soon after they were stolen, and his failure to explain such possession. It in effect instructed them that proof of the stealing of the goods and of these facts was sufficient to convict. This was error. It is within the exclusive province of the jury to determine, under the instructions of the court as to the law of the case, when the evidence is sufficient to convict. The court had no right to point out what inferences may or should be drawn from particular facts in proof. Section 23 of article 7 of the consti-

tution expressly declares that judges shall not charge juries with regard to matters of fact. All the court had a right to say to the jury in regard to the facts mentioned was, they might consider the evidence adduced to prove them in connection with the other evidence introduced, and if upon such consideration they believed that the defendant was guilty beyond a reasonable doubt, they should convict. *Haley* v. *State*, 49 Ark., 148; *Shinn* v. *Tucker*, 37 Ark., 581; *Fitzpatrick* v. *State, ib.*, 239; *Keith* v. *State*, 49 Ark., 439.

**8. Burden of proof as to *alibi*.** As to the evidence adduced to prove an *alibi*, it is sufficient to say that if it, considered in connection with the other evidence, created in the minds of the jury a reasonable doubt as to the defendant's guilt, they should have acquitted. *Com.* v. *Choate*, 105 Mass., 451; *Howard* v. *State*, 50 Ind., 190; *Pollard* v. *State*, 53 Miss., 410; *Bennett* v. *State* (*Texas*), 17 S. W. Rep., 545; 1 Bishop on Crim. Pro. (3d ed.) secs. 1061, 1068; Wharton's Crim. Ev. (8th ed.), sec. 333, and cases cited.

Reversed and remanded.