RECTOR *v.* ROBINS.

Opinion delivered April 22, 1907.

1. WITNESS—IMPEACHMENT.—Where a member of a firm testified that L. J. R. was not a member of the firm, but that W. H. R. was, and, on being shown a printed letter-head of the firm, showing that L. J. R. was a member of the firm, was asked if he did not give the printer the names of the firm, to which he replied in the negative, it was not error to permit the printer to testify that the ·witness gave him the names of the firm as printed on their letter heads, nor to permit the letter-heads themselves to be introduced as impeaching the witness. (Page 427.)

2. SAME.—Where a witness testified that a mortgage was executed by the members of a certain firm, one of whom was W. H. R., it was admissible to impeach him by showing that L. J. R., and not W. H. R., signed the mortgage. (Page 428.)

3. SAME.—Where a witness testified that W. H. R. signed certain notes evidencing a partnership indebtedness as member of such partnership, it was admissible to impeach him by showing that the note ·shows on its face that he signed it as "security." (Page 429.)

4. SAME.—Where a witness testified that he entered into a written contract with W. H. R. as principal, it was admissible to introduce the ·contract itself to show that W. H. R. signed as "security." (Page 429.)

5. SAME.—Where a witness stated that he has no recollection of having made a certain statement at a certain time to a designated person, it was admissible to impeach him by showing that he had made such statement to the person mentioned. (Page 430.)

6. INSTRUCTIONS—WHEN PROPERLY REFUSED.—Conflicting and abstract instructions should not be given. (Page 431.)

7. SAME—PROVINCE OF JURY.—An instruction that if the jury find that defendant entered into a contract with two others, named, whereby he was to share with them in any profits of the business in which they were engaged, this is one of the most cogent evidences of partnership, was properly refused. (Page 431.)

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant sues appellee on a promissory note for $350 to the Howard County Bank, signed by Purdom, Roberson & Co., makers, and indorsed by appellant.

The note was dated April 9, 1900. Appellant alleged that he indorsed the note as surety for the makers; that he has been required to pay balance due on note after deducting certain payments; that appellee at the time the note was executed was a member of the firm of Purdom, Roberson & Co., the makers, the other members being W. A. Roberson and James Purdom. Appellant prayed for judgment against the appellee.

Appellee answered, denying that at the time the note was executed he was a member of the firm of Purdom, Roberson & Co., and alleging that he was never a member of the firm, and denying that he was indebted to appellant in any sum whatever.

The evidence was directed to the question as to whether or not appellee was a member of the firm of Purdom, Roberson & Company at the time or before the appellant indorsed the note in suit.

There was evidence tending to show that he was a member of the firm before the note was executed, and that no notice of withdrawal had been given. There was evidence tending to prove that appellee had never been a member of the firm of Purdom, Roberson & Company, and that appellant had notice before he indorsed the note that appellee was not a member of the firm. Other facts stated in opinion.

*W. C. Rodgers,* for appellant.

1.   When incompetent evidence is introduced, prejudice is presumed, and the burden is on the party introducing it to show that no prejudice resulted.   77 Ark. 431.   The testimony of Old as to names appearing on letter heads was improperly admitted.   It supports no issue, impeaches no one, and does not show either a contract of partnership or notice of dissolution. 74 Ark. 437.   The bill of sale executed July 11, 1900, was improperly permitted to go to the jury as tending to prove the issues, and the failure to exclude the notes executed Sept. 9, 1899, was error.   *Id.*   Before a witness can be impeached, he must first be asked if he had ever made the statement sought to be contradicted.   *Id.*; 62 Ark. 286; 24 Ark. 620.   And the statements must be material.   58 Ark. 125; 23 Ala. 662; 33 Ala. 611; 63 Barb. 618; 53 Cal. 65.   Any evidence of the witness Landrum as to who were the partners in the firm was no better than mere hearsay, or, at best, his opinion or conclusion.   52 Ark. 180; 55 Ark. 65; *Id:* 393; 70 Ark. 423; 71 Ark. 302; 75 Ark. 154.

2.   It is in evidence that defendant admitted that he was a member of the firm.   Declarations against interest are competent evidence against the party making them.   8 Ark. 510; 9 Ark. 389; 31 Ark. 252; 37 Ark. 580; 59 Ark. 503; 60 Ark. 26; 74 Ark. 104; 93 S. W. 41.

*Sain & Sain, J. H. McCollum* and *W. S. M. Cain,* for appellee.

1.   The testimony of the printer, Old, was competent to impeach Roberson.   Since Roberson's testimony was hostile, and to the effect that W. H. Robins was a member of the firm of Purdom, Roberson & Company, it was competent to introduce the mortgage of July 11, 1900, made by the firm to him; likewise to introduce the notes of Sept. 1899, signed by him as surety. On cross examination the trial judge's discretion as to the latitude to be allowed in examination of a witness will not be reviewed unless there is manifest abuse of the discretion.   61 Ark. 52; 16 Ark. 534.   Where a witness has previously signed a paper which contradicts his testimony, it is competent to read the paper to the jury to impeach him.   68 Ark. 587.

2.   The trial court is not permitted to instruct the jury as to the weight of the evidence, nor to lay particular stress upon

particular portions of it.  31 Ark. 311; 37 Ark. 580; art. 7, § 23, Const.; 45 Ark. 172; *Id.* 492.

Participation in profits may be considered as a circumstance tending to prove a partnership, but is not decisive of that fact. 44 Ark. 423.  On the question of holding one's self out as a partner, the true rule is that one who is not a partner but holds himself out as such is liable only to those creditors whom he has misled.  Instructions are properly refused which merely repeat the same principles announced in instructions already given, though couched in different language.  58 Ark. 472; 34 Ark. 383; *Id.* 649.

3.  If appellant was employed by the firm to examine one or more lots of timber, this did not necessarily make him a partner, though his compensation might have been fixed at one-third of the profits arising from the sale of the timber.  2 Ark. 346; 25 Ark. 327.

WOOD, J., (after stating the facts.)  This is the second appeal in this case.  The opinion on the first appeal is found in *Rector* v. *Robins,* 74 Ark. 437.

1.  Appellant contends that the court erred in permitting evidence of the names in certain letter-heads.  Witness Roberson testified that W. H. Robins (appellee) was a member of the firm of Purdom, Roberson & Company.  Letter-heads were exhibited to this witness on his cross examination containing the names of W. A. Roberson, Jim Purdom and L. J. Robins, as members of the firm of the Red Land Lumber Company.  Witness was asked if his firm used these letter-heads, and answered "Yes."  He was then asked: "At the time these letter-heads were printed, didn't you give to W. J. Old the names of the members of the firm and tell him how to print them?"  To this he answered: "No, sir; I didn't."  Witness was also asked: "Didn't that firm, Purdom, Roberson and Company, issue some letter-heads under the firm name and style of the Red Land Lumber Company?"  The answer was, "Yes, sir."  The testimony of Old that he printed these letter-heads at the request of W. A. Roberson, who gave the names to go on the letter-heads, and that the list of names given him to print as members of the firm contained the name of L. J. Robins, instead of W. H. Robins, was admissible to contradict the witness Roberson.  The foundation

for the impeachment of the witness on the subject-matter of these inquiries was sufficiently laid by calling the attention of the witness to the "time the letter-heads were printed," and to the printer who did the printing. The letter-heads, in connection with the testimony showing the circumstances under which they were printed, were likewise competent testimony tending to contradict the witness W. A. Roberson and show that W. H. Robins was not a member of the firm of Purdom, Roberson & Company.

W. A. Roberson on cross examination testified, without objection from appellant, that the firm of Purdom, Roberson & Company bought a remnant of goods of one Hooker; that Robins advanced the money to pay for this; that the firm of Purdom, Roberson & Company executed to him a mortgage, dated July 11, 1900, to secure him for the advancement. Roberson testified that the mortgage was signed by all the members of the firm of Purdom, Roberson & Company. Appellee introduced over objection of appellant this purported mortgage. It was signed "Jas. S. Purdom, W. A. Roberson, L. J. Robins." W. A. Roberson having testified that the firm of Purdom, Roberson and Company signed this mortgage and that W. H. Robins was a member of the firm, the mortgage was competent as tending to contradict him as to who composed the firm of Purdom, Roberson & Company and as affecting the accuracy and credibility of his testimony. The mortgage as an independent evidentiary fact would not have tended to show that W. H. Robins was a member of the firm of Purdom, Roberson & Company, but, taken in connection with the testimony of Roberson that it was executed by the firm of Purdom, Roberson & Company, and that W. H. Robins was a member of that firm, it was competent evidence for the purpose named.

W. A. Roberson testified that late in the summer or fall of 1899 W. H. Robins became a member of the firm of Purdom, Roberson & Company; that after this he went to Texas, and leased the land from Conway for the mill, and executed notes for the same. He was asked this question: "Is this the note given by you all as members of the firm to Mr. Conway for that land?" His answer was: "Yes, sir; I suppose so." Two notes to E. M. Conway for $50 each, executed September 1, 1899, and signed by "James S. Purdom," "W. A. Roberson," and "W. H. Robins,"

security," were admitted over appellant's objection. The notes were competent testimony, because they showed that W. H. Robins signed same as "surety", and this fact tended to contradict the testimony of Roberson that the notes were given by the signers as members of the firm. For, if W. H. Robins was a member of the firm, and had signed the notes as one of the members, he could not have been a surety for the other partners, which the notes themselves show he was.

Appellant introduced a witness, Gaines, who testified that about the last Sunday in August, 1899, W. H. Robins stated to him that "he, Mr. Purdom and Mr. Roberson were going into the mill business, and that they wanted his timber." He testified that he sold the timber the following spring to W. H. Robins, and in June entered into a contrct with him. Appellee, on cross-examination, questioned the witness concerning this contract, and over objection of appellant introduced the contract in evidence, which was signed by G. B. Gaines, Redland Mill Company by L. J. Robins, and W. H. Robins, "security." The testimony and the contract were proper on cross-examination. This examination was responsive to the examination in chief, and the evidence elicited tended to contradict the witness Gaines.

Witness W. A. Roberson was asked on cross-examination: "Did you state to Gossett at the commissary in February or March, 1900, that you and Jim Purdom and Lem Robins constituted the firm of Purdom, Roberson & Company." He answered: "No sir; if I did, I have no recollection of it." Appellee, over appellant's objection, was permitted to prove by Gossett that Roberson at the time and place mentioned did make to him the statement. Appellant excepted to the ruling of the court in permitting this testimony. The ruling of the court was correct. The testimony was competent by way of impeachment of the witness Roberson.

W. J. Landrum, a witness for appellee, testified that he was the traveling salesman who sold the machinery to Purdom & Company. He made the contract with Purdom. It was the rule of his company to have all the members of a new firm to sign the contract for purchase of machinery. It was required in the case under consideration. The order for the machinery was signed, "Purdom and Roberson." It was signed thus by Pur-

dom. Witness had nothing to do with taking the note, had never heard of W. H. Robins in the matter. Witness sold the machinery before the mill began. Appellant excepted to the ruling of the court in permitting this testimony. But the testimony was certainly not prejudicial to appellant. There was nothing to prove that W. H. Robins was not a member of the firm of Purdom, Roberson & Company at the time the note in suit was executed, or that he had not been a member of such firm before that time. There was no prejudicial error in this testimony. The testimony of this witness was not relevant, but appellant has no cause to complain of the error in admitting it.

Appellee was permitted to show that W. A. Roberson had said in the presence of witnesses Rosseau and Riddick in February, 1900, in Hempstead County, Arkansas, that he, Roberson, Purdom and Lem Robins constituted the firm of Purdom, Roberson & Company. Witness Roberson was questioned concerning this while on the witness stand, and said that he had no recollection of having made such statement in Hempstead County at the mill or any where else at any time. The testimony was proper by way of impeachment of the witness Roberson. But, if not, it was not prejudicial to appellant because there was nothing in this to prove that Robins, appellee, was not a member of the firm of Purdom, Roberson & Company at the time the note in controversy was indorsed by appellant.

The declaration of Purdom, before the execution of the note, as to who constituted the firm of Purdom, Roberson & Co., even if competent to show who the partners of the firm were, did not prejudice the substantial rights of appellant unless it tended to show that W. H. Robins was not a member of the firm when the note was executed, and such was not the effect of the declaration.

2. The court, among others, gave instructions numbered six and nine at the instance of appellant.*

---

*"6. The jury are instructed that the burden of proof is on the plaintiff, in the first instance, to prove that there was a partnership of which the defendant, W. H. Robins, was a member before he will be liable in this action. And if the jury find from a preponderance of the evidence in the case that the defendant, W. H. Robins, was a member of the firm of Purdom, Roberson & Company before the plaintiff indorsed or became surety on the note in controversy, the burden will then shift to the said Robins, and it will devolve on him to establish, by a preponderance of the evidence, a notice of withdrawal or dissolution in the manner set out in these instructions.

These and others on special phases given at appellant's request, in connection with those given for appellee, fully and fairly presented the law of the case to the jury. Other requests were properly refused because they were grounded.upon the idea that, if appellee was a member of the firm of Purdom, Roberson & Company before appellant indorsed the note in suit, appellee in that event was liable absolutely. These prayers, so framed, were in conflict with others given, and ignored the question of withdrawal or notice, which were issues in the case.

Appellant's prayer numbered 11† was abstract. It was not a case of partnership established by circumstantial evidence.

Appellant's prayer numbered 12‡ was argumentative—a charge from the court on the weight to be given a certain phase of the evidence. This is forbidden. Const. art. 7, § 23; *Polk* v. *State,* 45 Ark. 165; *Stephens* v. *Oppenheimer,* 45 Ark. 592.

HILL, C. J., not participating.

Affirmed.

---

"9. The jury are instructed to find for the plaintiff if they find from a preponderance of the evidence that W. H. Robins was a member of the firm of Purdom, Roberson & Company at the time that firm commenced business or afterwards before the indebtedness sued on was incurred, and the plaintiff extended the credit for the claim sued on in the faith of his belief that W. H. Robins was such a partner, then and in that event the said W. H. Robins would be liable for the amount of the note sued on and interest, unless he gave actual notice to the plaintiff or gave notice generally by advertisement in some newspaper published in the locality or county of the partnership before said indebtedness was incurred."

†"11. It is not necessary that a partnership be established by direct evidence. It may be shown by circumstances or by facts in evidence from which a partnership may be inferred."

‡"12. The jury are instructed that if they find from a preponderance of the evidence that the defendant, W. H. Robins, entered into a contract with Purdom & Roberson whereby he was to share with them in any profits of the mill business, this will be deemed in law one of the most cogent evidences of partnership."