KELLER v. WHITE.

Opinion delivered May 2, 1927.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE AS QUESTION FOR JURY. —In an action for the death of a passenger in an automobile, resulting from overturning of the car when it came to a curve, where the evidence showed that the driver selected by deceased was somewhat drunk, and conflicted as to whether deceased prevented another passenger from stopping the car on several occasions, and as to whether he urged the driver from time to time to drive faster, deceased's contributory negligence *held* a question for the jury.

2. NEGLIGENCE—JURY QUESTION.—Unless the acts complained of are
   negligent *per se* or unless all reasonable minds must agree that
   the acts were necessarily negligent, the existence of negligence is
   always a question for the jury.

3. MASTER AND SERVANT—SCOPE OF AUTHORITY.—Where an agent in
   charge of a distributing station of an oil and gas company took
   several companions into his car, part of whom were drinking, and
   drove towards his home town to have a fish supper, and on the
   way the automobile overturned, *held* that the agent was not act-
   ing within the scope of his authority, as agent of the company,
   or in performance of his duties for it.

Appeal from Chicot Circuit Court; *Turner Butler,*
Judge; reversed as to White; affirmed as to Pierce
Petroleum Corporation.

*Cook & Trice* and *W. W. Grubbs,* for appellant.

*J. R. Parker* for White, appellee.

*Gannaway & Gannaway, Roscoe R. Lynn, O. C. Burn-
side* and *W. Garland Streett,* for Pierce Petroleum Cor-
poration.

HUMPHREYS, J. Appellant, as administrator of the
estate of H. T. Keller, brought suit against appellees
jointly for the benefit of the estate, the widow and minor
children, for killing Keller through the alleged unlawful
negligence of Graham White in driving the automobile in
which they were riding at a high and reckless rate of
speed, and in disregard of the warnings of deceased and
others in the car. The appellee, Pierce Petroleum Cor-
poration, was made a party defendant upon the theory
that, at the time of the tragedy, Graham White was the
agent of said company, and that, in making the trip by
automobile from Eudora to Lake Village, with the
deceased in the car, White was acting within the scope
of his authority and performing duties for said corpora-
tion and its benefit.

Appellees filed separate answers, each denying the
material allegations in the complaint, and interposing the
further defense that deceased was guilty of contributory
negligence which was the proximate cause of the injury
complained of.

The cause was submitted upon the pleadings and testimony adduced by the respective parties, which resulted in a verdict and judgment in favor of appellees, from which is this appeal.

The tragedy occurred a short time after dark on the evening of April 21, 1925, between Eudora and Lake Village. The occupants of the automobile were Graham White, H. T. Keller, C. E. Buchanan, Ike Scott and Frank Keller, Jr. Graham White ran a distributing plant for the exclusive products of the Pierce Petroleum Corporation at Lake Village. The Eudora Motor Company at Euroda, owned and operated by H. T. Keller and his brother, J. J. Keller, was a customer of White. C. C. Buchanan was a traveling auditor for the Pierce Petroleum Corporation; Ed Scott was a truck driver for White; Frank Keller was a nephew of H. T. Keller. Graham White went fishing with a number of friends on the morning of the 21st, and during the outing they consumed a quart of moonshine whiskey. After his return to Lake Village, during the afternoon, he and Buchanan drove from Lake Village down the river for the purpose of interviewing the trade, purchased a quantity of moonshine whiskey on the trip, and returned by way of Eudora, and called on Keller Brothers at their garage, arriving at about 5 o'clock. After talking over business matters generally and taking several drinks, they decided to go to Lake Village in White's car and have a fish supper. They had been drinking at the garage. Buchanan was quite drunk, and White and Keller were somewhat intoxicated. Scott and Frank Keller were sober, and remained so. When they started to Lake Village it was suggested that Scott drive the car, but Buchanan objected, and H. T. Keller prevailed upon Scott to allow White to drive. Before reaching a sharp curve in the road, two stops had been made for H. T. Keller, White and Buchanan to take an additional drink, and on both occasions Scott attempted to drive the car, but was prevented from doing so by Buchanan and H. T. Keller. There is a conflict in

the testimony of Ike Scott and Frank Keller, Jr., as to whether H. T. Keller prevented Scott from stopping the car on several occasions and whether Keller urged White, from time to time, to drive faster. When the curve was reached the speed was not reduced, and the car turned over, severely injuring White, Buchanan and H. T. Keller. H. T. Keller died the next day as a result of the injuries.

At the conclusion of the testimony appellees asked for a peremptory instruction, which the court refused to give, but, before the case was sent to the jury, the court gave, at appellee's request, instruction No. 15, which was in effect a peremptory instruction under the undisputed facts revealed by the testimony. Instruction No. 15 is as follows:

"It was the duty of H. T. Keller, on the trip which resulted in the fatal accident, to at all times use ordinary care for his safety, and, if he failed to do so, and such failure in any way contributed to his injury, the plaintiff cannot recover, no matter how negligent the conduct of White might have been. If, at the time he entered the car of White, he discovered, or, by using ordinary care, might have discovered, that White was in an intoxicated condition to the extent as to make it apparent that he was in no condition to operate same with safety, or if, while at any time upon said trip, he did or might have discovered White's condition, and could have a reasonable opportunity to leave the car and failed to do so, or if he in any way encouraged White in the dangerous operation of said car, or if he assented to the encouragement of White by others to drive at a reckless rate of speed, or if he, by any conduct on his part, prevented any other person from restraining or controlling White, then he failed to use ordinary care for his own safety, and his negligence in any of these particulars would bar his recovery, and the jury should find for the defendants. By the use of the term 'negligence' in these instructions is meant the want of ordinary care. And any 'ordinary' care in this case is meant the conduct of ordinarily care-

ful and prudent persons under similar circumstances."

Appellees conceded in their arguments that this instruction, requested by them and given by the court, was a peremptory instruction on the issue of contributory negligence. We do not think any of the facts detailed by the witnesses constituted within themselves contributory negligence under the law. The existence of negligence is always a question for the jury, unless the acts complained of are declared by law to be negligent *per se,* or unless all reasonable minds must conclude that the acts were necessarily negligent. Instruction 15 therefore invaded the province of the jury, and was erroneous. *Rector* v. *Robins,* 82 Ark. 424, 102 S. W. 209; *Reed* v. *State,* 54 Ark. 621, 16 S. W. 819; *Blankenship* v. *State,* 55 Ark. 244, 18 S. W. 54.

Our analysis of the testimony has convinced us, however, that the court should have given a peremptory instruction in favor of the Pierce Petroleum Corporation, because the undisputed evidence showed that the trip from Eudora to Lake Village was not taken in performance of White's duties for said corporation or for its benefit, even if there were sufficient evidence to make the issue of his agency one for the jury. It is quite clear that White, Buchanan and H. T. Keller were on a trip to satisfy their own appetites rather than upon a mission for the benefit of the corporation in a business way. White was not acting within the scope of his authority as agent of the company or in the performance of his duties for it and for its benefit. *Wells Fargo & Company Express* v. *Alexander,* 146 Ark. 104, 225 S. W. 597; *Chicago Mill & Lumber Co.* v. *Bryeans,* 137 Ark. 341, 209 S. W. 69; *Bryeans* v. *Chicago Mill & Lumber Co.,* 132 Ark. 282, 200 S. W. 1004.

The judgment is therefore affirmed in favor of the Pierce Petroleum Corporation and reversed and remanded for a new trial as to Graham White, on account of the error in giving a peremptory instruction upon the issue of contributory negligence on the part of deceased.