GILLIAM *v.* BRADLEY LUMBER COMPANY.

4-3196

Opinion delivered January 22, 1934.

616

618

*Aubert Martin, Nelson H. Sadler, Graham Moore, D. L. Purkins* and *J. R. Wilson,* for appellant.

*D. A. Bradham, Clary & Ball* and *C. C. Hollensworth,* for appellee.

JOHNSON, C. J., (after stating the facts). Appellant's requested instructions, Nos. 5 and 9, which were given by the trial court, are correct declarations of law when applied to the facts of this case. On the other hand, appellee's requested instruction No. 8, as given by the trial court, is in irreconcilable conflict with instructions Nos. 5 and 9, given upon appellant's theory. Appellee's instruction No. 8 tells the jury: "The jury are instructed that the particular act of negligence which the plaintiff charges the defendant in this case is that one Rufus Elmore, a fellow-servant of plaintiff, pulled a valve and changed the way the fuel would fall into the fuel house, without giving any signal or warning that he was going to do so. With reference to this charge of negligence, the court tells you that the mere fact that Elmore pulled the chain at the time he did, and the mere fact that plaintiff got sawdust in his eye, would not be sufficient in itself to

justify a finding on your part that Elmore was guilty of negligence.''

Appellant's requested instruction No. 9 had, in effect, directed the jury to find for appellant, if they determined from the testimony that Elmore reversed the valve of the discharge pipe without warning to appellant, and thereby reversed the discharge of the fuel from the opposite side of the building in and upon appellant; and, if this were determined to be negligence upon Elmore's part, and this was the proximate cause of appellant's injury if any, then they would find for appellant. Appellee's instruction No. 8 as given by the trial court, was in direct conflict with the views expressed in appellant's requested instruction No. 9, because in instruction No. 8 the jury is directed in effect that appellant could not recover merely because Elmore negligently reversed the fuel valves, and was injured thereby. Under a long line of decisions of this court, it is reversible error to give conflicting instructions. *Postal Telegraph-Cable Co.* v. *White, ante* p. 361; *Southern Anthracite Coal Co.* v. *Bowen,* 93 Ark. 140.

Not only is appellee's requested instruction No. 8 in conflict with appellant's instructions, but it also invades the province of the jury, and is upon the weight of the evidence. It was a question for the jury to determine, and not for the court, whether or not the reversing of the fuel valves by Elmore, or the reversing of the discharge of the fuel into the fuel house, upon appellant, without warning, at the time and under the circumstances of this case, was negligence; and, if so, whether or not this negligence was the proximate cause of the injury, if any.

This court has many times held that it is error for trial courts to point out inferences to be drawn from particular facts in evidence. *Haley* v. *State,* 49 Ark. 439, 5 S. W. 880; *Rector* v. *Robins,* 82 Ark. 424, 102 S. W. 209; *McLemore* v. *State,* 111 Ark. 457, 164 S. W. 119.

Many, many times we have also held that trial courts should not instruct juries upon the weight of the evidence or give instructions which assume facts which are for the consideration of the jury. *Polk* v. *State,* 45 Ark. 165;

622

*Railroad Co.* v. *Byars,* 58 Ark. 103, 23 S. W. 583; *Murray* v. *Boyd,* 58 Ark. 504, 25 S. W. 505; *Hinson* v. *State,* 133 Ark. 149, 201 S. W. 811; *Railroad Co.* v. *Britton,* 107 Ark. 158, 154 S. W. 215.

Many other alleged errors are pressed upon us for reversal, but we assume that they will not recur upon retrial, therefore do not consider them.

For the error indicated, the cause is reversed, and remanded for new trial.

SMITH, MCHANEY and BUTLER, JJ., dissent.