DICKSON v. BOUNDS.

4-3617

Opinion delivered December 17, 1934.

*Warner & Warner* and *Lee Cazort*, for appellant.
*Partain & Agee*, for appellee.

JOHNSON, C. J.  To compensate an alleged personal injury received by appellee while riding down a toboggan slide at Edgewater Beach, near Alma, Arkansas, a place of amusement operated and controlled by appellant, this suit was instituted.

In effect, the complaint alleged that on August 20, 1933, by invitation appellee paid to appellant the sum of twenty cents for the privilege of using the toboggan slide for thirty minutes, and, while riding down same in the usual and customary manner and while in the exercise of due care for his own safety, the wheels or runners on the sled were caused by the carelessness and negligence of appellant to jump out of the grooves in which it passed while descending the track thereof, thereby becoming cross-wise the track, the effect of which was that appellee was thrown from the sled and his body propelled against certain timbers with such force and violence as to inflict serious and permanent injuries, etc.

Appellant by answer denied the material allegations of the complaint, and affirmatively pleaded contributory negligence and assumed risk.

The testimony adduced upon the trial of the cause, when viewed in the light most favorable to appellee, as we are required to do under the numerous and repeated opinions of this court, is to the following effect:

On Sunday, August 20, 1933, at about 6:30 P. M., appellee arrived at Edgewater Beach, the place of amusement operated and controlled by appellant, and immediately thereafter rented a sled to ride upon the toboggan slide. This toboggan slide is a trackway which is elevated at its beginning point approximately fifty feet above the surface of the water in the swimming pool and extends at an acute angle to the surface of the water. This track was approximately one hundred feet in length. It was not a gradual and uniform incline, but was in the

form or shape of the letter "S." To use the sled, it was necessary to walk up the incline to the beginning point of the track, and then to adjust the flanges on the wheels of the sled into the grooves on the runway of the track; then to adjust yourself upon the sled for the descent, which may be done in either of two ways: namely, by kneeling down head forward, holding to the handholds provided for this purpose, or sitting down upon the sled, holding to the handholds provided thereon. Appellee was riding in the first-mentioned position when he was injured. While appellee was descending the slide at the time of his alleged injury, he felt one of his feet drag upon the track, and thereupon the sled turned sidewise upon the track at a point some twelve or fifteen feet before the sled reached its destination or the end of the track. The momentum of the sled being thus retarded, appellee's body was hurled into the water with such force and violence as to inflict very serious and painful injuries. The sled was probably traveling at the rate of fifty miles per hour at the time it left the track.

The testimony further tended to show that, prior to the happening of the incident in which appellee was injured, the sled had left the track at approximately the same point. A witness to this incident testified that the track appeared to spread or in the language of the witness "the lower section stuck out about one-half an inch."

The cause was submitted to the jury upon instructions which applied the doctrine of *res ipsa loquitur*, and this is appellant's primary contention for reversal.

The jury returned a verdict for appellee and assessed his damages at $2,500, and this appeal follows.

The case of *Chiles* v. *Fort Smith Commission Co.*, 139 Ark. 489, 216 S. W. 11, is urged upon us as authority for appellant's position that the doctrine of *res ipsa loquitur* has no application to the facts of this case. In the case referred to we cited with approval 20 R. C. L., p. 187, § 156, as stating the correct rule in reference to this doctrine as follows:

"More precisely the doctrine *res ipsa loquitur* asserts that when a thing which produced an injury is

shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care.''

Moreover we applied the doctrine of *res ipsa loquitur* as thus defined in the Chiles case because the facts there warranted. The facts in the instant case are that the toboggan slide and sled operated thereon were under the exclusive control and management of appellant; the construction of the track was appellant's exclusive handiwork; the rate of speed of the sled upon the track was due solely to the construction thereof, this because the momentum of the sled was due wholly and solely to the degree or acuteness of the angle or incline over which it passed. It appears therefore that the facts and circumstances here presented come clearly within the rule of *res ipsa loquitur* and that the trial court committed no reversible error in so deciding. *Chesapeake Beach Ry. Co.* v. *Brez,* 39 App. D. C. 58; *Martin* v. *Sentker,* 12 Ohio App. 46; *O. Callaghan* v. *Dellwood Park Co.,* 242 Ill. 336, 89 N. E. 1005, 26 L. R. A. (N. S.) 1054; *Haun* v. *Talley,* 40 Cal. App. 585; *Carlson* v. *Swienson,* 197 Ill. App. 414; *Sand Springs Park* v. *Schrader,* 82 Okla. 244, 198 Pac. 983, 22 A. L. R. 593; *Carlin* v. *Smith,* 148 Md. 524, 130 A. 340, 44 A. L. R. 193.

On principle, the doctrine here announced is in full accord with our previous opinions on this question. *Arkansas P. & L. Co.* v. *Jackson,* 166 Ark. 633, 267 S. W. 359; *St. L. I. M. & S. Ry. Co.* v. *Steel,* 129 Ark. 520, 197 S. W. 288; *Price* v. *St. L. I. M. & S. Ry. Co.,* 75 Ark. 479, 88 S. W. 575.

Neither can we agree that the application of the doctrine of *res ipsa loquitur,* here applied, is not supported by the great weight of American authority on this subject. We think it is in full accord therewith. See notes 22 A. L. R. 617; 29 A. L. R. 30; 38 A. L. R. 358; 44 A. L. R. 204.

Moreover, appellee's right of recovery was not solely dependent upon the rule of *res ipsa loquitur,* as there was affirmative testimony to the effect that there was a defect in the track which had caused similar accidents, and that appellant knew, or by the exercise of ordinary care should have known, of this condition, and was afforded full opportunity to remedy same. At least appellant's explanation of due care in construction and of inspection of this toboggan slide while it was being operated was refuted by the facts and circumstances here stated, and the jury was therefore authorized to ignore his explanation.

It is next contended that appellee was guilty of contributory negligence which, as a matter of law, barred his right of recovery. On this question appellee testified that on the trip down the incline when he was injured he was riding in one of the usual and customary positions upon the sled—his head forward .and his hands holding to the handholds provided for this purpose. This testimony, though denied by other witnesses, was amply sufficient to sustain the jury's finding that appellee was not guilty of contributory negligence. *Keller* v. *White,* 173 Ark. 885, 293 S. W. 1017; *St. L.-S. F. Ry. Co.* v. *Horn,* 168 Ark. 191, 269 S. W. 576; *Bulman Furniture Co.* v. *Schmuck,* 175 Ark. 442, 299 S. W. 765.

The contention that the court erred in giving instructions in applying the rule of *res ipsa loquitur* has been heretofore fully discussed and decided adversely to appellant's contention; therefore it is unnecessary to further consider this complaint.

Complaint is also made that the court erred in refusing to give to the jury in charge certain instructions requested by appellant. It suffices to say that we have examined all instructions requested, granted, and refused, and it is our conclusion that no reversible error is made to appear from this assignment. The requested instructions which were refused were fully covered by others given.

Neither can we agree that the damages awarded appellee are excessive. The testimony on this point tended to show that appellee, a young man twenty-two years of

age, was confined to his bed for a considerable period of time under the care of a physician because of his injury; that he suffered constant pain up to the date of the trial which occurred some five months subsequent to the receipt of his injuries; that his vision is impaired as a result of said injury; that appellee is permanently disfigured and probably permanently injured; that he has expended $250 for medical care because of said injury, and will be required to expend additional sums in the future on account of it. This testimony is amply sufficient to sustain the award.

No reversible error appearing, the judgment is affirmed.