HUMPHREYS *v.* REED.

5-2639                                        355 S. W. 2d 281

Opinion delivered March 19, 1962.

[Rehearing denied April 16, 1962.]

*Lamar Smead* and *Spencer & Spencer,* for appellant.

*Mahony & Yocum,* for appellee.

SAM ROBINSON, Associate Justice. This case grows out of an automobile accident. Appellant, W. F. Humphreys and Randall Kitchens were occupants of an automobile driven by Jimmy Clemons. It was about 6:30 a.m. and they were on their way to work. The car was travelling south on Highway 167 south of Hampton when

it collided with a truck travelling north and being driven by appellee, Augusta Reed, an employee of appellee, C. F. Wright. Humphreys, who was injured, filed this suit against Reed and Wright. He recovered a judgment in the sum of $4,000.00 and has appealed to this Court contending that the amount of the judgment is inadequate to compensate him for the damages sustained. Appellant concedes that the judgment can not be reversed solely because of the inadequacy of the damages, but he contends that there was serious error in the giving of Defendant's Instruction No. 8; that this error, coupled with the alleged inadequate judgment calls for a reversal.

Appellant sustained serious injuries. Dr. J. B. Jamerson, a witness for appellant, testified that when he saw appellant he was in pain, had a laceration of his scalp, was confused, had a dislocation of his femur on the left, a fracture of the scapula, fracture of his left foot, contused lung on the right side, with a mild brain injury. He also had a dislocation of the first metatarsal joint and a fracture involving the base of the second metatarsal. The doctor testified that after the swelling went down he did surgery on the foot, but the most severe injury was a fracture of the hip bone socket; that this fracture pushed in toward the pelvis and is a serious injury; that the appellant was placed in traction, lying flat on his back with a wire through his tibia with a twenty pound weight on it. This traction continued for four weeks. He also testified that appellant is still 50% disabled.

Dr. D. E. White, on behalf of the defendant, testified that appellant's injuries had healed, but that he has a slight limp because of the injury and a slight bending down of the second, third, fourth and fifth toes of his right foot; that he has a 10% disability to his left leg; that he has an ununited fracture of the collar bone and estimates that there is a 5% disability due to that condition.

According to the undisputed evidence, appellant's medical and hospital expenses amounted to $1,716.76.

In addition he lost time from work amounting to $2,125.00, making a total of $3,841.76 actual money damages suffered up to the time of the trial, and there is testimony to the effect that it will be necessary for him to spend an additional $1,200.00 to $1,500.00 for doctors. Moreover, there is testimony that he suffered excruciating pain and that he has a permanent partial disability ranging from 10% to 50%.

Even with all this evidence of damages we would not reverse the judgment solely because of inadequacy of the judgment. In *Wadsworth* v. *Gathright,* 231 Ark. 254, 330 S. W. 2d 94, this Court said: "When substantial damages are awarded, a judgment will not be reversed because of inadequacy, if there be no other error than that committed by the jury in measuring the damages. But a judgment even for substantial damages will be reversed where the undisputed testimony shows the damages to be inadequate, if error of a substantial and prejudicial nature was committed at the trial of the case."

Here there was serious error in the giving of the instructions. By Defendant's Instruction No. 8 the Court told the jury: "If you should find from the evidence that the driver of the automobile in which the plaintiff was riding was driving at a fast and reckless rate of speed, or was negligent in any of the respects alleged in the answer, and should you further find from a preponderance of the evidence that the plaintiff observed, or should have in the exercise of reasonable care observed, the manner in which the automobile was being driven and failed to caution the driver or protest the manner in which he was driving, if he had a reasonable time to do so, then he was negligent." By this instruction the Court told the jury, among other things, that if the driver of the car was driving at a fast and reckless rate of speed and the plaintiff observed this kind of driving and failed to protest, he would be guilty of negligence as a matter of law.

Of course it was the duty of Humphreys to exercise ordinary care for his own safety. If Clemons was driv-

864

ing in a negligent manner it is entirely possible that Humphreys could be guilty of contributory negligence that would bar his recovery. *Elmore, Administrator* v. *Dillard,* 227 Ark. 260, 298 S. W. 2d 338. Whether appellant was guilty of such contributory negligence in the circumstances was a question of fact for the jury and not a question of law. In *Keller* v. *White,* 173 Ark. 885, 293 S. W. 1017, the Court said: ''The existence of negligence is always a question for the jury, unless the acts complained of are declared by law to be negligent *per se,* or unless all reasonable minds must conclude that the acts were necessarily negligent.'' Citing *Rector* v. *Robins,* 82 Ark. 424, 102 S. W. 209, *Reed* v. *State,* 54 Ark. 621, 16 S. W. 819, *Blankenship* v. *State,* 55 Ark. 244, 18 S. W. 54. In *Aluminum Company of North America* v. *Ramsey,* 89 Ark. 522, 117 S. W. 568, the Court said: The existence of negligence should be passed upon by the jury as any other fact, and it is improper to instruct them that a certain fact or group of facts amounts to negligence *per se,* unless such acts are declared by law to be negligence *per se,* or are such as to induce an inference of negligence in all reasonable minds.'' In *St. Louis I. M. & S. Ry. Co.* v. *Hutchison,* 101 Ark. 424, 142 S. W. 527, the Court said: ''It has long been settled law that 'where the situation is such from which different minds might draw different conclusions as to whether, under the particular circumstances, the plaintiff was guilty of contributory negligence, the question is properly one of fact for the jury to determine.' ''

There is a conflict of the evidence as to the cause of the collision, but there is no evidence of negligence per se on the part of Humphreys. Moreover, even if there was negligence on the part of Clemons and a failure on the part of Humphreys to caution the driver or protest the manner in which the car was driven, the evidence is not such that it can be said that different minds might not draw different conclusions as to whether appellant was guilty of contributory negligence.

Appellee cites the case of *Miller* v. *Smith Light & Traction Co.,* 136 Ark. 272, 206 S. W. 329, to sustain

the contention that Instruction No. 8 was not erroneous. A somewhat similar instruction was given in that case and the Court said it was not error when read in connection with another instruction; no specific objection was made to the instruction. In the case at bar, the appellant made the following objection: "The plaintiff makes general objection to the giving of Defendant's Instruction No. 8. Further, the plaintiff objects specifically to the giving of said Instruction No. 8 for the reason that it invades the province of the jury by telling the jury as a matter of law that failure to protest the manner in which the car was being driven was negligence without leaving it for them to determine whether or not, under the facts and circumstances at the time, due care required such protest."

Because of the giving of Instruction No. 8 requested oy appellee, the judgment is reversed and the cause remanded for new trial.