Bobby Norman, Director Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, AR 71701
Dear Mr. Norman:
This is in response to your request for an opinion on several questions involving the effect of an expungement or Governor's pardon in connection with the employment of law enforcement officers. Your questions have been restated and answered in the order presented.
1. Does an expungement or a full Governor's pardon supersede the Arkansas Statutes prohibiting convicted felons from serving in law enforcement?
It is my opinion that the answer to this question is, generally, "no." This was the conclusion reached in Attorney General Opinion Number 83-217, a copy of which is enclosed. The controlling Arkansas Code provision is now found at A.C.A. 12-9-106 as follows:
 (N)o person who pleads guilty or is found guilty of a felony shall be eligible to be appointed or certified as a law enforcement officer.
A.C.A. 12-9-106(b).
An expungement or pardon does not, in my opinion, generally operate to nullify the operation of 12-9-106(b). With regard to expungement, the particular provision must be consulted to determine the exact effect of the court's order expunging the record. The expungement statutes all state, however, that the defendant may thereafter reply in the negative to employment application questions involving past criminal convictions. See A.C.A. 16-90-601, 16-90-604, 16-93-303, 16-93-510.
Yet it may reasonably be concluded that A.C.A. 12-9-106(b) is not affected by the expungement procedures. Expungement does not remove the fact of conviction for all purposes. Rather,12-9-106(b) must be given effect with specific reference to law enforcement officers. This conclusion follows from the plain language of that statute, and from the familiar rule requiring the reconciliation of different statutory provisions. Ragland v. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987). It is also well established that special statutes governing a particular subject will apply instead of a general law. Ridgeway v. Catlett,238 Ark. 323, 379 S.W.2d 277 (1964). Brown Root, Inc. v. Hemstead County Sand Gravel, Inc. 767 F.2d 464 (1985).
There appear to be no Arkansas cases addressing the effect of a pardon in the context of A.C.A. 12-9-106(b). The few cases involving pardons all appear to deal with the constitutional prohibition against holding office following a conviction. Const. Ark. Art. 5, 9.* These cases do suggest, however, that the key element is the fact of conviction or guilty plea. As noted by the Arkansas Supreme Court in the case of State of [sic] Carson,27 Ark. 469, 471 (1972): "The power of the Governor to pardon, by the terms of the Constitution (Art. 6, 18) is limited to cases AFTER CONVICTION." (Emphasis in original.) As stated by the court in another case, a pardon ". . . does not obliterate the fact of commission of the crime and the conviction thereof." State v. Irby, 190 Ark. 86, 77 S.W.2d 456 (1935), citing 46 C.J. 1192.
The rationale of these cases may be applied with regard to12-9-106(b) since this prohibition operates to preclude the appointment or certification as a law enforcement officer of anyone "who pleads or is found guilty of a felony." A pardon, which is granted after conviction, would seemingly not remove the basis for ineligibility under 12-9-106(b).
One potential exception, however, may be premised upon A.C.A.5-4-311, which states:
 (a) If a judgment of conviction was not entered by the court at the time of suspension or probation and the defendant fully complies with the conditions of suspension or probation for the period of suspension or probation, the court shall discharge the defendant and dismiss all proceedings against him. (b) Subject to the provisions of 5-4-501 — 5-4-505, such discharge and dismissal shall nullify any previous determination of guilt, and the defendant shall not thereafter be subjected to any disqualification or disability imposed by law upon conviction of the offense. A defendant so discharged may state in any application for employment, license, civil right, or privilege or in any appearance as a witness that he has not been convicted of the offense.**
If the sentence is suspended or the defendant is placed on probation, and no judgment of conviction is entered, the provisions of 5-4-311
may apply to effectively remove the individual from the reach of A.C.A. 12-9-106(b). Although there appear to be no cases on point, the fact that a "discharge and dismissal" under 5-4-311
"(nullifies" any previous determination of guilt" supports the conclusion that 12-9-106(b) will not operate in that instance to preclude one's eligibility as a law enforcement officer. This follows from the fact that 12-9-106(b) only applies to one "who pleads or is found GUILTY of a felony." (Emphasis added.)
2. If a convicted felon's records are discovered after an individual is employed, does this vice the employment because of the pre-employment requirements prohibiting convicted felons?
The answer to this question is, generally, "yes". It must necessarily be concluded from the fact of conviction that the individual either plead [pled] or was "found guilty" for purposes of A.C.A. 12-9-106(b). Thus, in accordance with that statutory prohibition, the person is ineligible for appointment or certification as a law enforcement officer. The discovery of the records following employment would not remove this ineligibility.
Section 5-4-311 must, however, also be considered in response to this question. See discussion above. And it should be noted, additionally, that the discovery of such records will not affect the employment of any law enforcement officer already serving under full-time permanent appointment on December 31, 1977. See A.C.A. 12-9-106(e)(1).
3. If an applicant for law enforcement states on his/her application that he/she has never been convicted of a felony and after becoming employed it becomes know[n] that he/she has been convicted and their record has been expunged, is this person guilty of falsifying employment applications?
It must be concluded that the answer to this question is "no." As previously noted, while the particular expungement provision should be considered, a review indicates that expungement generally gives rise to the defendant's right to reply in the negative to employment application questions involving past criminal convictions. The plain meaning of the expungement statutes compels this conclusion. See, e.g. A.C.A. 16-93-303 and 16-93-510.
4. If a person states on his/her employment application that he/she was not a convicted felon, and he/she received an expungement or a pardon after he/she was employed, would he/she be guilty of falsifying his/her application?
This question may be answered in the affirmative if an expungement was not in effect at the time of the application for employment. This assumes, of course, that there is a conviction and/or that there is no other basis for nullifying the guilt determination. See, e.g., A.C.A. 5-4-311, supra.
5. Since a pre-employment requirement requires a person to be of good moral character, does the Commission have the authority to question the moral character of an individual after he/she is employed?
If evidence acquired subsequent to employment refutes the employee's satisfaction of a requirement involving "good moral character," it may reasonably concluded that the evidence could properly be considered. The appropriate use of any such evidence would, however, depend upon the particular facts and circumstances in each instance.
6. Does the Commission have authority to hear appeals of individuals before they become employed as law enforcement officers?
The Commission could, it seems, consider all information submitted by an applicant, whether through an appeal or more informal process, prior to its issuance of a certificate evidencing satisfaction of necessary qualifications. See A.C.A. 12-9-106(c). The Commission's general powers reasonably support such procedures, including its power to promulgate rules and regulations for the administration of the officer training and standards provisions. A.C.A. 12-9-104.
7. Would this Commission be in violation of the Arkansas Statutes prohibiting convicted felons from being employed as law enforcement officers if they certify a person as a law enforcement officer knowing that he/she was a convicted felon whose record had been expunged or received a full Governor's pardon?
It is my opinion that the Commission's actions in this regard would be contrary to A.C.A. 12-9-106. See response to Question No. 1, above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
ATTACHMENT:
OPINION NO. 83-217
November 15, 1983
The Honorable Knox Nelson State Senator Post Office Box 715 Pine Bluff, AR 71611
Dear Senator Nelson:
This is written in response to your request for an official opinion as to whether a person who was convicted of a felony, was pardoned and had his record expunged, is eligible for employment as a law enforcement officer.
A recent Act of the legislature, Act 905 of 1983, Ark. Stat. Ann. 42-1007(b), is dispositive of this issue. That Act provides in pertinent part:
(N)o person who pleads or is found guilty of a felony shall be eligible to be appointed or certified as a law enforcement officer.
Therefore, it is our opinion that this individual would not be eligible to serve in law enforcement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rodney Parham.
* Article 5, Section 9 of the Constitution of Arkansas states: "No person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime shall be eligible to the General Assembly or capable of holding any office or trust or profit in this State."
** Sections 5-4-501 through 5-4-505 are addressed specifically to habitual offenders.