MERRITT v. STATE.

Opinion delivered November 12, 1904.

1. LARCENY—ALLEGATION OF OWNERSHIP.—In indictments for larceny allegations of ownership are material, and must be proved as alleged, though an allegation of general ownership will be sustained by proof of special ownership. (Page 34.)

2. SAME—JOINT OWNERSHIP.—An indictment for larceny of property alleged to belong to W. is not sustained by proof of larceny of property which belonged jointly to W. and C., in the absence of proof of exclusive possession in W. In such case proof that the property

belonged to W. jointly with C., coupled with special authority in W. to control and manage, is not sufficient, unless accompanied with separate possession.  (Page 34.)

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*P. R. Andrews,* and *Campbell & Stevenson,* for appellant.

An agent's authority can not be proved by the declarations of such agent.  31 Ark. 312; 33 Ark. 251, 316; 44 Ark. 213; 43 Ark. 293.  The ownership of the property alleged to have been stolen was not properly alleged in the indictment.  58 Ark. 17; 36 Cal. 248; 1 Am. & Eng. Enc. Law (2d Ed.), 944; 1 Story, Part. § 1.

*George W. Murphy, Attorney General,* for appellee.

The ownership of the property alleged to have been stolen was properly charged in the indictment.  42 Ark. 73.

McCULLOCH, J.  The appellant was convicted upon an indictment for grand larceny in stealing one steer, the property of W. N. Marshall.  The proof showed that the animal was the joint property of W. N. Marshall and his brother, Charles, as partners, and was running in the range across Cache river, from which locality the defendant removed it.  W. N. Marshall testified that his brother was away from home, and that he (witness), in the absence of his brother, had exclusive control and management of their cattle.

The court instructed the jury, upon the request of the State, that before they could convict the defendant they must find that W. N. Marshall "had possession and control and the exclusive right to manage and control" the steer.

The appellant asked the following instruction, which the court gave after inserting, over the objection of appellant, the words "right of" after the word "exclusive," viz:

"1. You are instructed that the indictment in this case alleges the larceny of a steer, the property of W. N. Marshall. In order to find the defendant guilty, you must find that the steer in question was the absolute property of W. N. Marshall; and if the evidence shows that the steer alleged to have been stolen was the joint property of W. N. Marshall and his brother, Charles Marshall, this will be fatal variance to the allegation of ownership, and unless you further find that W. N. Marshall had the exclusive possession and control of the said steer at the time it was taken up by the defendant, you must acquit the defendant."

The appellant also asked the following instructions, which the court refused, viz: "2. If you find from the testimony that the property alleged to have been stolen was the joint property of W. N. Marshall and Charles Marshall, you are instructed that the mere temporary absence from home of Charles Marshall is not sufficient to vest the entire control and custody of cattle running on the range in W. N. Marshall."

It is settled by the decisions in this court, as well as by all other authorities, that in indictments for larceny allegations of ownership are material, and must be proved as alleged, though an allegation of general ownership will be sustained by proof of special ownership. *Blankenship* v. *State,* 55 Ark. 244; *McCowan* v. *State,* 58 Ark. 17.

Mr. Bishop states the rule thus: "Where the goods belong to a business firm or other joint owners, the ownership must be laid in all. Each name should be given in full; simply the partnership name, for example, not sufficing. * * * And, if one of them has such a separate possession as to give him a special property by reason thereof, it will not be ill to lay ownership in him alone." Bishop, Cr. Proc. § 723.

We think that, to sustain the allegation of ownership, there must be proof either of exclusive ownership in the person or persons named, or exclusive possession. Joint ownership of the persons alleged, with one not named in the indictment, even though coupled with special authority to control and manage, is not sufficient, unless accompanied by separate possession. In theory, title to a chattel draws to it constructive possession unless some one else has actual possession; so it follows that there can

be no special ownership in one not having the legal title, without separate possession.

In this case the proof shows neither sole ownership in W. N. Marshall, nor such separate possession as to give special ownership, and was not sufficient to sustain the allegation of the indictment. The animal, being in the actual possession of neither of the owners, was in the constructive possession of both, and the names of both should have been alleged as owners.

The views herein expressed do not in anywise conflict with *Scott* v. *State,* 42 Ark. 73, as the opinion in that case quotes with approval the doctrine laid down by Mr. Bishop that there must be a separate possession in order to give a special property in a joint owner.

The jury should have been instructed, as asked by appellant, that the proof must show that W. N. Marshall had the exclusive possession of the property at the time it was alleged to have been stolen. The modification whereby the jury were told that the "right of exclusive possession and control" would sustain the allegation of ownership was not sufficient to meet the requirement.

We think, too, the jury should have been instructed that the mere temporary absence of Charles Marshall was not, of itself, sufficient to constitute separate possession by W. N. Marshall of cattle running in the range.

It is further urged by counsel for appellant that the proof of felonious intent is not sufficient to warrant a conviction, but upon a careful consideration of the testimony, which was submitted to the jury under proper instructions on that subject, we cannot say that it is not sufficient to support the verdict, and we will not disturb it on that ground.

But for the errors indicated the case is reversed and remanded.