COOK v. STATE.

Opinion delivered November 12, 1906.

1. LARCENY—DESCRIPTION OF MONEY.—An indictment for larceny of money which describes the money alleged to have been taken merely as "six dollars in money of the value of six dollars," is insufficient under Kirby's Digest, § 1844, providing that "it shall not be necessary to particularly describe in the indictment the kind of money taken or obtained further than to allege gold, silver or paper money." (Page 496.)

2. SAME—WHEN INSUFFICIENCY OF DESCRIPTION HARMLESS.—In an indictment for grand larceny of money and other property an insufficiency in the description of the money was not a prejudicial error where other property of value exceeding $10 was alleged and proved to have been stolen by defendant at the same time. (Page 497.)

3. SAME—SUFFICIENCY OF ALLEGATION OF OWNERSHIP.—Under a general allegation of ownership in larceny, it may be shown that the prosecuting witness had a special ownership in the property growing out of exclusive possession and control thereof. (Page 497.)

4. SAME—EVIDENCE OF FORMER ATTEMPT TO COMMIT.—In a prosecution of defendant for burglary and larceny, which the evidence tended to show was committed by defendant and two others, proof that defendant and the two others had recently attempted to commit the same crime at the same place, and that they had obtained and kept a key to the building, was admissible in corroboration of the testimony of one of defendant's accomplices as tending to establish a joint association and purposes in the commission of the crime. (Page 498.)

5. APPEAL—HARMLESS ERROR.—A defendant can not complain that the jury extended to him a leniency to which he was not entitled, as where, in a prosecution for burglary and larceny, they convicted defendant of larceny only when the evidence would have sustained a conviction of burglary also. (Page 498.)

Appeal from White Circuit Court; *J. H. Harrod & J. N. Cypert,* Special Judges; affirmed.

*S. Brundidge, Jr.,* and *J. N. Rachels,* for appellant.

1. The description was bad in the indictment, and it was error to allow proof to go to the jury to prove the loss and value. 32 Ark. 181; 29 *Id.* 68; 51 *Id.* 112. It should have alleged that some kind of gold, silver or paper money, or some general description of the same, as required by § 1844, Kirby's Digest. 71 Ark. 418; 65 *Id.* 825; 60 *Id.* 141.

2. One crime can not be established by proof of another, and the testimony of Mrs. Goodrich was inadmissible. 38 Ark. 221; 45 *Id.* 165; 70 *Id.* 610.

3. The testimony of the accomplice was uncorroborated. 50 Ark. 544; 43 *Id.* 367; 58 *Id.* 353; 64 *Id.* 247; 75 *Id.* 540.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

1. Even if the description of the money is insufficient, the charge and evidence as to the Gin Seneca support a correction for grand larceny. 73 Ark. 401.

2. The testimony of Mrs. Goodrich was admissible as showing a plan to burglarize the store. Underhill, Cr. Ev. 108. See, also, 83 N. Y. p. 419.

3. The corroboration was sufficient. 76 Ark. 315.

McCULLOCH, J. The grand·jury of White County returned an indictment, containing two counts, against appellant, James Cook, charging him with the crimes of burglary and grand larceny. The indictment charged that on the 14th day of April, 1906, appellant committed the crime of burglary by breaking into the storehouse of R. J. Lyon & Son, a partnership, in the night-time with intent to steal certain property of said R. J. Lyon & Son of the value of $25; and that he committed the crime of grand larceny by stealing $6 in money, a lot of canned goods of the value of $5, and twenty bottles of Gin Seneca of the value of $20, the property of R. J. Lyon & Son.

The trial jury returned a verdict, finding the defendant guilty of grand larceny, and fixed his punishment at one year in the penitentiary. Judgment was rendered accordingly, and he appealed to this court.

Appellant demurred to the larceny count of the indictment on the ground that it failed to describe the money alleged to have been stolen. He assigns error of the court in overruling the demurrer, and also contends that the evidence is insufficient to sustain the verdict because the kind of money is not described. The indictment describes it as "six dollars in money of the value of six dollars," without alleging the kind, whether gold, silver or paper, and the evidence goes no further than that in describing it. This is not sufficient, as the statute provides that "it shall not

be necessary to particularly describe in the indictment the kind of money taken or obtained, further than to allege gold, silver or paper money." Kirby's Digest, § 1844.

This defect, however, was not fatal either in the indictment or proof, as other property of value exceeding the sum of $10 was alleged and proved to have been stolen. *Johnson* v. *State,* 73 Ark. 101. The undisputed testimony is that canned goods of the value of $1.50 and a quantity of Gin Seneca, a liquid compound used as a beverage, of the value of about $20, was stolen at the time alleged.

There is some conflict in the evidence as to the ownership of the Gin Seneca, but it is undisputed that R. J. Lyon & Son had some kind of ownership. The conflict extended only to the character of their ownership, whether general or special. Proof of special ownership will sustain an allegation of general ownership. *Merritt* v. *State,* 73 Ark. 32; *McCowan.* v. *State,* 58 Ark. 17. It is undisputed that R. J. Lyon & Son had exclusive possession and control of the property, though there is some conflict whether it belonged to them or not.

Appellant was convicted mainly on the testimony of an accomplice in the crime, and he insists that there was not sufficient corroboration to warrant a conviction. Without rehearsing all the corroborating testimony in detail, we think it was abundant to sustain the conviction. Appellant and his two accomplices, together with several other companions, assembled at a vacant house in the neighborhood of the scene of the crime on the night in question for the purpose of playing cards and having an "egg roasting," as they termed the entertainment. These three left the crowd about the same time, were absent a short while, and then returned about the same time, and one of them produced two bottles of Gin Seneca. The accomplice who testified in the case said it was during this interval that the crime was committed. He testified that they took the money which was stolen and divided it equally between the three; and the appellant, when arrested the next day, is shown to have had a sum of money on his person equivalent to his share of the swag. Besides this, it was proved by a witness, Mrs. Goodrich, that about two weeks before this occasion appellant and his two accomplices attempted to effect an entrance into the store of R. J. Lyon & Son through the closed

back door about nightfall. Taking all this testimony together, it was sufficient to corroborate the accomplice who testified positively as to the burglary and theft.

Appellant objected to the testimony of Mrs. Goodrich concerning said occurrance two weeks before the commission of the crime charged in the indictment, and his counsel now insist that the court erred, in admitting this testimony. It is well settled that, with some exceptions as to certain crimes, proof of the commission of one crime can not be introduced for the purpose of establishing another. But the occurrance testified to by Mrs. Goodrich was so intimately connected with the crime set forth in the indictment that proof of it was competent in this case. It was established by the testimony of another witness that Tom Smith, the accomplice who testified in the case, a short time before surreptitiously obtained the key to the back door of the store of R. J. Lyon & Son and kept it. This was the door through which these three parties effected an entrance when they finally committed the crime charged against them. Mrs. Goodrich testified that she saw them one evening or night about two weeks before the burglary attempt to open the door and enter the store. We think this was clearly competent, for the purpose of showing, in connection with other proof in the cause, concert of action between these three parties in the commission of the crime charged in the indictment. 6 Cyc. pp. 235, 236. It is especially applicable and admissible in corroboration of the testimony of the accomplice as tending to establish a joint association and purpose in the commission of the crime.

Counsel also contend that the verdict is inconsistent, and should be set aside because the jury acquitted appellant on the charge of burglary upon testimony which tended in the same degree to establish guilt of that offense as it did the crime of grand larceny. The evidence was sufficient to warrant a conviction of both offenses, and appellant can not complain that the jury extended greater leniency than he was entitled to. *Benton* v. *State,* 78 Ark. 284.

Judgment affirmed.