PORTER v. STATE.

Opinion delivered May 1, 1916.

CRIMINAL LAW—LARCENY—INDICTMENT—OWNERSHIP.—An indictment alleged the ownership of the property stolen to be in J. B. S. and W. A. J. S. The proof showed that W. A. J. S. was the sole owner. *Held*, the indictment was valid.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. There is no fatal variance between the indictment and proof. Kirby's Digest, § 2233. The indictment and proof sufficiently identifies the illegal act. 32 Ark. 205; 105 *Id*. 84; 113 *Id*. 112; 117 *Id*. 300; Kirby's Digest, § § 2243, 2228-9; 93 Ark. 408; 157 S. W. 935.

2. There is no error in the instructions. Kirby's Digest, § 2384; 90 Ark. 460; 64 *Id*. 253; 65 *Id*. 547; 52 *Id*. 187.

3. The testimony of the accomplice was sufficiently corroborated. 64 Ark. 253; 52 *Id*. 187; 101 *Id*. 142; 101 *Id*. 570; 39 Cal. 614; 84 *Id*. 480.

SMITH, J. Appellants were convicted of grand larceny under an indictment which alleged the ownership of the property said to have been stolen to be in J. B. Sturdivant and W. A. J. Sturdivant. The goods were stolen from a store operated by J. B. Sturdivant, but the proof shows he was conducting the store for his brother W. A. J. Sturdivant, who is the sole owner, and it is said there is a fatal variance between the allegations of the indictment and the proof at the trial. The motion for a new trial preserved other exceptions, but we think they are not of sufficient importance to require discussion.

Notwithstanding the fact that section 2233 of Kirby's Digest provides that if an offense is described with sufficient certainty to identify the act an erroneous allegation as to the person injured is not material, it has been frequently held that an erroneous allegation of ownership in an indictment for larceny is fatal. In the case of *Merritt v. State*, 73 Ark. 33, the property stolen was alleged to belong to W., whereas the proof showed it to be the property of W. and C., and it was there said that, in the absence of proof showing exclusive possession in W., the variance was fatal. In support of that holding

the court quoted with approval from section 723 of 3 Bishop's New Criminal Procedure. That entire section reads as follows:

"Sec. 723. 1. Where the ownership is joint—as in a business firm, or the like, it must be laid in all. Each name should be given in full; simply the partnership name, for example, not sufficing. Nor, where partners are the owners, need either the fact of the partnership, or the firm name, be averred. And if one of them has such a separate possession as gives him a special property, it will not be ill to lay the ownership in him alone. Where it is laid in three, it will be fatal variance to prove it in two only.

"2. Several—If the thing belongs to A, B, and C, not jointly, but each owning his several part, it is ill to say 'of the goods of A, B, and C,' which means a joint ownership."

The rule there announced states the requirements of a valid indictment except insofar as those requirements have been relaxed by statute. And that there has been a relaxation of this rigidity is shown by the decision of this court in the cases of *Davis* v. *State,* 117 Ark. 300, *Andrews* v. *State,* 100 Ark. 184, *Hughes* v. *State,* 109 Ark. 403; *Ivy* v. *State,* 109 Ark. 446. In these cases we held it not essential to allege the names of the partners composing a firm, and that where the firm name is correctly alleged an erroneous allegation of the names of the partners composing it is immaterial. The reason for the relaxation is stated in the opinion in the case of *Andrews* v. *State,* as follows:

"Now, in all of the cases on the point heretofore decided by this court the indictment charged ownership by individuals, and there was no other sufficient identification. In the present case, however, there is another description in stating the partnership name, and to that extent the proof conforms to the allegations of the indictment. The only variance is as to the name of one of the partners. If the statute (Section 2233 of Kirby's Digest) has any application at all to larceny and kindred

cases, and if any effect at all is to be given to it in such
cases, we must hold that it applies, and that, there being
a sufficient identification of the property in stating the
partnership name, the statute applies and renders the
erroneous allegation as to one of the persons injured
immaterial. It is true that ordinarily in cases of this
kind the rules of criminal pleadings require that the
names of partners be given, but, so far as identification
of the property is concerned, it is described by naming the
partnership and, by operation of the statute, an error as
to the individual names of the partners is immaterial.''

The language was re-affirmed in the case of *Hughes*
v. *State,* 109 Ark. 405, in which case it was pointed out
that the view there expressed was in conflict with language
in the opinion in the case of *McCowan* v. *State,* 58 Ark. 17,
but in overruling that case, to the extent which was done,
we merely gave effect to that language of the statute
which applied to the facts recited.

While we do not intend to overrule or to impair the
authority of the case of *Merrit* v. *State, supra,* we do
not think the doctrine of that case should be extended
to cover the facts of this case. In that case there was
a failure to allege the name of one of the owners of the
property stolen. There is no such failure here. It is
true the indictment here alleges as an owner a person
who has no interest in the property, but that allegation
must be treated as surplusage, inasmuch as the indict-
ment does correctly allege as an owner the name of the
person who, according to the evidence, is the sole owner.
In other words, an indictment must allege the names of
the owners to enable the court to pronounce judgment, on
conviction, according to the rights of the case and to pre-
vent prejudice to the substantial rights of the defendant.
If he is to be convicted he has the right to have named
in his indictment all persons who are supposed to have
been aggrieved by his act, so that he may prepare for
his defense and plead the acquittal or conviction success-
fully should he be again indicted for the same offense, but
when this has been done, and the indictment is otherwise

sufficient, he is not prejudiced by the insertion of the name of a person as an owner who, in fact, has no interest in the property alleged to have been stolen.

We conclude, therefore, that the indictment meets the requirements of sections 2228 and 2229 of Kirby's Digest as those sections have been construed in frequent decisions by this court. The judgment of the court below is, therefore, affirmed.