STATE *v.* ESMOND.

Opinion delivered June 10, 1918.

1. LARCENY—ALLEGATION OF OWNERSHIP—SPECIAL OWNERSHIP—A: special ownership which entitles one to the exclusive possession and control of the stolen property is sufficient to support an allegation of ownership.

2. LARCENY—SPECIAL OWNERSHIP.—An indictment charged the larceny of certain oats growing on the farm and soil of one M. M. was not the owner but rented the land from D., the true owner, but M., by his tenancy was entitled to the possession of the oats, and the indictment held valid.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; error declared.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellant.

It was error to direct a verdict. There was no fatal variance. It is true the land was owned by Dozier, but Montgomery had such special ownership or interest as entitled him to the custody and possession of the growing crops. The proof was sufficient to sustain the allegations as to ownership. 80 Ark. 495; 42 *Id.* 73; Kirby's Digest, § 1900.

SMITH, J. Appellees were indicted for the crime of larceny, alleged to have been committed by stealing "a certain quantity of oats growing on the farm and soil of W. H. Montgomery." The indictments were returned under section 1900 of Kirby's Digest, and testimony was introduced tending to show that appellees were guilty as charged except that Montgomery was not the owner of the land from which the oats were cut and removed. The land belonged to John Dozier, and Montgomery was a tenant of Dozier, and under his contract was to pay as rent for the land "one-third of the oats harvested." But

Montgomery had the exclusive possession of the land on which the oats were growing, and it was his duty under his contract with Dozier to harvest the oats, and he had the exclusive possession of the land for this purpose.

The court directed the jury to return a verdict of not guilty, upon the theory that there was a variance between the testimony and the allegations of the indictment, and the State has prosecuted this appeal.

The court erred in directing a verdict of not guilty. It has been several times held by this court that a special ownership which entitles one to the exclusive possession and control of the stolen property is sufficient to support an allegation of ownership. It is true the land was owned by Dozier, and not by Montgomery, but Montgomery had such special interest in the land by virtue of his tenancy as entitled him to the custody and possession of the crops growing thereon, and it is the purpose of the statute to protect such possession. Montgomery's tenancy and possession of the land gave him such an interest in the oats, until they had been harvested and a division thereof made, as entitled him to their exclusive possession, and such ownership and possession sufficiently supports the general allegation of ownership. *Merritt* v. *State,* 73 Ark. 32; *McCowan* v. *State,* 58 Ark. 17; *Cook* v. *State,* 80 Ark. 495; *Scott* v. *State,* 42 Ark. 73; *Blankenship* v. *State,* 55 Ark. 244.

The court was, therefore, in error in directing a verdict of not guilty.