HOUPT v. STATE.

Opinion delivered February 12, 1923.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—In a prosecution for grand larceny committed by stealing an automobile, evidence *held* to connect defendant with the theft of the automobile.

2. LARCENY—SUFFICIENCY OF OWNERSHIP.—Where an indictment charged that an automobile was the property of B., proof that the automobile was owned jointly by B. and wife, and that B. had exclusive possession of the car at the time it was stolen, *held* sufficient to sustain conviction.

Appeal from Garland Circuit Court, *Scott Wood,* Judge; affirmed.

*William G. Bouic,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

HART, J. Sam Houpt prosecutes this appeal from a judgment of conviction against him for grand larceny, charged to have been committed by stealing one Dodge touring car of the value of $500 from E. L. Barkley in Garland County, Ark.

According to the evidence for the State, E. L. Barkley and his wife jointly purchased and owned a Dodge touring car in August, 1921. It was a five-passenger car, and had nickel-plated bumpers on the front and rear of the car. The lights were also nickel-plated, and the car had been in use less than a year at the time it was stolen on the night of Saturday, July 1, 1922. E. L. Barkley was the proprietor of a Piggly-Wiggly store in the city of Hot Springs, Garland County, Ark., and a young man who works in the store drove the car in front of the store on the night in question and left it there. He then delivered the key to E. L. Barkley, and no one could drive the car after it had been locked without a similar key with which to unlock it. Soon afterwards, on the same night, the car was driven away by some unknown person, and in about ten days thereafter it was recovered. The car was worth about $1,000 at the time it was stolen. E. L. Barkley had the

car in his care and custody at the time it was stolen. On the night the car was stolen a captain of police in the city of Hot Springs saw. Sam Houpt driving the car. The captain of police knew Barkley's car and recognized the car by its similarity to that of Barkley. Immediately after he saw the car pass he heard that Barkley's car had been stolen. The car was found out in the country near where Sam Houpt lived. After Sam Houpt was arrested, he admitted that he was driving a car on the streets of Hot Springs on the night that Barkley's car was stolen, but said that the car belonged to Tolbert Teague. The officer who saw Sam Houpt driving the car testified that he knew the car of Tolbert Teague, and that the car he saw Sam Houpt driving was not Teague's car.

This evidence clearly shows that Barkley's car was stolen, and it is sufficient to identify the defendant as the person who stole the car. An officer saw the defendant driving a car immediately after Barkley's car was stolen, and the car driven by the defendant exactly fitted the description of Barkley's car. In fact the officer, when he saw Barkley's car after it had been recovered, identified it as the car which he saw the defendant driving just after Barkley's car was stolen. This was sufficient to connect the defendant with the larceny of the car. Hence the assignment of error of the defendant that the evidence is not legally sufficient to convict him is not well taken.

The main reliance by the defendant for a reversal of the judgment is an alleged variance between the allegation in the indictment and the proof of ownership of the car. The indictment charges that the car was the property of E. L. Barkley.

On cross-examination E. L. Barkley testified that the car had been paid for by a check signed by himself and by his wife. He stated that the car was owned jointly by himself and wife. He stated further, however, that on the night the car was stolen it had been

locked, and that he had the key to it and was in the exclusive possession of it.

Counsel for the defendant claim that this testimony is not sufficient to prove ownership in E. L. Barkley, and rely upon the case of *Merrit* v. *State,* 73 Ark. 32. In that case the indictment charged the stealing of a steer, the property of W. N. Marshall. The proof showed that the steer was the joint property of W. N. Marshall and his brother, as partners. The steer was running in the range, and neither of the partners was in possession of it. Hence the court, following its former decisions, held that there was a variance between the allegations of the indictment and the proof introduced. The court in that case, as well as in other later cases, recognized that an allegation of general ownership will be sustained by proof of special ownership.

In the instant case, while the indictment charged general ownership in E. L. Barkley, the proof showed that he had the car exclusively in his possession at the time it was stolen, and this created a special ownership in him. The accused had no special concern as to the exact state of the title of the stolen property, and evidence of the exclusive possession is ordinarily sufficient proof of ownership. *Cook* v. *State,* 80 Ark. 495, and *State* v. *Esmond,* 135 Ark. 168.

It follows that the judgment must be affirmed.