TUCKER AND PEACOCK *v*. STATE.

Crim. 4045

Opinion delivered September 27, 1937.

*James Merritt*, for appellants.

*Jack Holt*, Attorney General, and *John P. Streepey*, Assistant, for appellee.

MEHAFFY, J. Appellants were convicted of grand larceny under a charge which alleged the ownership of the property said to have been stolen, in Bailey Jones.

The information filed by the prosecuting attorney is as follows:

"STATE OF ARKANSAS
  Against
Vance Tucker, J. V.
Tucker, Neal Peacock.
} SS. INFORMATION

"I, Will J. Irvin, prosecuting attorney for Drew county of the Tenth Judicial Circuit of Arkansas, upon my oath of office, in the name and by the authority of the state of Arkansas, accuse Vance Tucker, J. V. Tucker and Neal Peacock of the crime of grand larceny committed as follows, to-wit: The said Vance Tucker, J. V. Tucker and Neal Peacock in the county of Drew, and state of Arkansas on or about the 15th day of December, A. D., 1936, did then and there take, steal and carry away twelve hogs, the property of Bailey Jones in Lincoln county and transported same to the home of Vance Tucker in Drew county, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Arkansas.

"WILL J. IRVIN,
Prosecuting Attorney.
"January 25, 1937."

The case was dismissed as to J. V. Tucker. The appellants, Vance Tucker and Neal Peacock, pleaded not guilty, and were tried and found guilty by the jury.

Appellants earnestly insist that the evidence does not show that Bailey Jones was the owner of the hogs and that the case should, therefore, be reversed.

Section 3018 of Crawford & Moses' Digest reads: "Where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material."

There can be no doubt but that the information describes the offense with sufficient certainty to identify the act.

This court said in construing the above statute, (which is § 2233 of Kirby's Digest); "Now, in all of the cases on the point heretofore decided by this court the indictment charged ownership by individuals, and there was no other sufficient identification. In the present case, however, there is another description in stating the partnership name, and to that extent the proof conforms to the allegations of the indictment. The only variance is as to the name of one of the partners. If the statute (§ 2233 of Kirby's Digest) has any application at all to larceny and kindred cases, and if any effect at all is to be given to it in such cases, we must hold that it applies, and that, there being a sufficient identification of the property in stating the partnership name, the statute applies and renders the erroneous allegation as to one of the persons injured immaterial. It is true that ordinarily in cases of this kind the rules of criminal pleadings require that the names of partners be given, but, so far as identification of the property is concerned, it is described by naming the partnership and, by operation of the statute, an error as to the individual names of the partners is immaterial." *Porter* v. *State,* 123 Ark. 519, 185 S. W. 1090.

Where partners are the owners, neither the fact of the partnership nor the firm name, need be averred. If one of the parties has such a separate possession as gives him a special property, it may be alleged that the ownership is in him alone. Bishop's New Criminal Procedure, vol. 3, pages 1684, 1685.

The purpose of requiring the owner of the property to be named is for the protection of the defendant. But as our statute provides, where the offense is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the ownership of the property is not material.

Bailey Jones testified that these hogs belonged to him. His evidence was corroborated by other witnesses.

It is true that, on cross-examination, Jones testified that his uncle had given one of the hogs to Jones' mother, but he also testified that she turned it over to him, and that he bought all the feed for the hogs, paid for it himself, and it appears that he was the head of the family, although his father and mother lived with him, and other relatives, there being ten people in the house. Bailey Jones made all the arrangements for cultivating the land and to get supplies furnished him during the year, and paid for.them himself. One of the hogs, it is said, belonged to his brother, who was about 18 years old. Neither his brother nor his mother appeared to have anything to do with managing the place, raising the stock, paying for the feed or for the supplies.

Appellants call attention to and rely on *Merritt* v. State, 73 Ark. 32, 83 S. W. 330. The court there said: "In this case the proof shows neither sole ownership of W. N. Marshall, nor such separate possession as to give special ownership, and was not sufficient to sustain the allegation of the indictment. The animal, being in the actual possession of neither of the owners, was in the constructive possession of both, and the names of both should have been alleged as owners."

In that case, however, the court does not quote or mention the statute above set out.

The later case of *Andrews* v. *State,* 100 Ark. 184, 139 S. W. 1134, does discuss the statute, and among other things says: " 'Assuming that this section is applicable to cases like this, an erroneous allegation as to the ownership of the goods stolen can only be cured by describing the alleged offense in other respects with such certainty as to identify the act. There was no such description of the offense in the indictment in this case, and hence this statute did not relieve the state of the necessity of proving that the goods stolen belonged to' the parties named in the indictment."

In the case at bar, however, the offense was described in other. respects with such certainty as to identify the act. The information charges that ·in Drew county in the state of Arkansas, on or about the fifteenth

day of December, 1936, the appellants did then and there take, steal and carry away twelve hogs, the property of Bailey Jones in Lincoln county, and transported same to the home of Vance Tucker in Drew county.

The offense appears to be described in such a way that there can be no doubt about it.

In the case of *Porter* v. *State,* 123 Ark. 519, 185 S. W. 1090, the court said: "It is true that ordinarily in cases of this kind the rules of criminal pleadings require that the names of partners be given, but, so far as identification of the property is concerned, it is described by naming the partnership, and, by operation of the statute, an error as to the individual names of the partners is immaterial."

"If the averment of ownership is material and must be proved, a variance entitles defendant to an acquittal, except in those states where the statutes provide that an erroneous allegation as to the ownership of the property involved is not material as long as the property is sufficiently described in other respects to identify the offense." 12 Stand. Encyc. of Procedure, 394.

The information is sufficient if it can be understood therefrom that the act charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case. Section 3013, Crawford & Moses' Digest.

Section 3014 of Crawford & Moses' Digest is as follows: "No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

Even if it were necessary to name the owner of the property, under § 3018 above quoted, still no substantial rights of the appellants are affected. The owner, however, even where it is necessary to prove ownership, need not have the legal title; but if he had exclusive possession and control of the property, it may be alleged that he is the owner.

Appellants requested the court to instruct the jury to return a verdict for them. This of course was not proper, if there was any substantial evidence to sustain a conviction.

It is urged that the court erred in refusing to give instruction No. 3 requested by the appellants. This instruction, however, was fully covered by instruction No. 3 given by the court, which reads as follows:

"You are instructed that before you would be justified in convicting either of the defendants, you must find from the evidence, beyond a reasonable doubt: First, that the property described in the indictment was in fact stolen; second, that said property belonged to Bailey Jones, or that Bailey Jones had the exclusive possession and control of the hogs as it is alleged in the indictment; third, that the defendants, or either of them, received it in their possession; fourth, that they received and took said property into their possession with the intent, at that particular moment, to steal it and deprive the true owner thereof, and if you find from the evidence that all or any one of the above essential elements have not been proven to your satisfaction, beyond a reasonable doubt, then it is your duty to acquit the defendants or either of them. And so the court tells you that if you find from the evidence in this case and beyond a reasonable doubt that either defendant in this case in this county and state within three years before the filing of this information in this court, feloniously and unlawfully stole, took, carried, rode or drove away the 12 hogs alleged in the indictment, and the same being the property of the prosecuting witness, Bailey Jones, or such property being in the exclusive possession and control of the said Bailey Jones and that there existed in the minds of the defendant or either of the defendants at the time of such taking, the felonious intent to deprive the true owner thereof, or if you further find that either of the defendants was present, aiding, abetting and assisting in the theft of the hogs as alleged in the indictment, if you find from the evidence in this case beyond a reasonable doubt that the defendants or either of defend-

ants committed the theft of the hogs as alleged in the indictment, then you will find the defendants, or either of the defendants guilty of the crime of grand larceny as charged in the indictment and assess their punishment or his punishment at not less than one year nor more than five years imprisonment in the state penitentiary.''

There was no error in permitting R. H. Hamilton to be sworn as a special officer to accompany the jury to the court house lawn, and no objection was made to this by appellants. The court permitted the prosecuting attorney and the attorney for appellants and the appellants to go on the court house lawn, instructing them that no conversation was to take place except to point out the things about the ears of the hogs, about which witnesses had testified. The evidence is in conflict as to what was said when the hogs' ears were examined, and no request was made by the appellants to cross-examine, and no objection at the time made to the jury's examining the ears. These were questions for the jury.

Appellants complain because the judge was absent when the ears were examined. There was no evidence taken, in fact nothing done, but to permit the jury to examine the ears. Testimony had been introduced, and was not contradicted, to show that the hogs had been remarked after having been taken to Vance Tucker's, and there was also evidence that the old marks could be seen on some of the ears. There was nothing done by anyone, and nothing said, that would, in any way, prejudice the rights of the appellants. There was no objection to the jury's viewing the ears in the absence of the judge.

In testing the legal sufficiency of the evidence to support the verdict, it must be viewed in the light most favorable to the state. *Turnage* v. *State,* 182 Ark. 74, 30 S. W. (2d) 865; *Link* v. *State,* 191 Ark. 304, 86 S. W. (2d) 15; *Clayton* v. *State,* 191 Ark. 1070, 89 S. W. (2d) 732; *Slinkard* v. *State,* 193 Ark. 765, 103 S. W. (2d) 50; *Combs* v. *State,* 107 S. W. (2d) 526; *Smith* v. *State, ante,* p. 264, 106 S. W. (2d) 1019.

There was substantial evidence to sustain the verdict, and there is no prejudicial error.

The judgment is affirmed.