EASON *v.* STATE.

4138                                   132 S. W. 2d 5

Opinion delivered October 2, 1939.

*Botts & Botts,* for appellant.

*Jack Holt,* Attorney General, and *Jno P. Streepey,* Asst. Atty. General, for appellee.

BAKER, J. Upon information charging grand larceny by stealing some pigs, the property of C. P. Chaney, the defendant, Harvey Eason, pleaded not guilty, was tried, convicted and sentenced to one year in the penitentiary. He filed a motion for a new trial, and that being overruled, he has appealed. Upon this appeal appellant relies upon five different matters for a reversal. In briefing the case, however, appellant has seen fit to reduce the first, second and third propositions to a single one and has argued thereupon that there is a variance as between the information charging the offense and the proof. The fourth matter is to the effect that the property alleged to have been stolen was never identified, and the fifth is the allegation that the state proved that the pigs were stolen on the night of February 12, at which time the defendant alleges and offers proof to establish the fact that he was at church.

C. P. Chaney, alleged in the information to have been the owner of the pigs the appellant is charged to have stolen, was the owner of a farm upon which Charlie Simmons was living. Chaney bought pigs, placed them upon this farm in charge of Simmons who cared for and looked after them. There was an agreement between Chaney and Simmons to the effect that when these pigs were sold the proceeds of the sale would be divided equally between the two of them. There is some question arising out of the evidence as to the exact interest that Simmons had in this property. It is argued by appellant that when the pigs were placed in the possession of Simmons that he took an undivided one-half interest in them, and that if they were thereafter stolen the allegation of ownership should have been that the property belonged to Chaney and Simmons.

The real question of variance arises out of the fact that these two traders, Chaney and Simmons, had no

very certain or definite agreement as to title or ownership of the property. Such definite agreement was not necessary. They both understood and performed their respective duties in regard to their relations to each other. Whether Chaney retained title to the property until it was sold made little difference. This question of title, or rights of the parties did not arise and was not specifically submitted to the jury in the course of the trial. When both were recalled in the final phases of the trial both agreed that Chaney was the owner of the property; that although Simmons had a right to sell that upon sale of the property the proceeds arising therefrom were to be divided.

The jury might well have found under the evidence, and we think it was justified in so finding, that because Chaney furnished the money for the buying of these pigs they remained his, and that Simmons had a working interest whereby he was paid for his services upon the sale of the property. The fact that he had a right to sell them did not change the title and ownership. In fact, as above stated, this was the effect of the final evidence of both these witnesses who were solely interested in the question of title. If the jury did so find, then there was no variance in the proof and charge.

But even if it should be granted that there was some question of ownership, and that Simmons may have taken an interest in the property when he took possession thereof, it does not necessarily follow that there was error. Section 3018, Crawford & Moses' Digest, which now appears as § 3840, Pope's Digest, was given effect in the recent case of *Tucker and Peacock* v. *State,* 194 Ark. 528, 108 S. W. 2d 890. That section provides: ''Where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, and erroneous allegation as to the person injured, or attempted to be injured, is not material.''

In this case the hogs were somewhat specifically described by giving the number alleged to have been

stolen and the age thereof, with an allegation that they were the property of C. P. Chaney, who unquestionably had an interest therein. There can be little question that the information was sufficiently definite to describe the particular act of larceny charged. *Porter* v. *State,* 123 Ark. 519, 185 S. W. 1090.

The fourth contention appellant argues is that on the particular date alleged, February 12, he was attending church services and, therefore, could not have taken part in the theft of the pigs. It is true that the allegation of the information is to the effect that the theft occurred on the 12th day of February. The proof is not so definite as to time, and that date is merely stated as an approximate time of the occurrence of the larceny. It is unnecessary to discuss the material or essential importance of this date as alleged. This might have been a proper argument before a jury upon the trial of the case, but the jury has already determined the fact of guilt within the statutory period. Such determination is conclusive.

The fifth or last controversy presented is the fact that one of the witnesses, Gard Edwards, was interested in the result of the controversy, and that he had also made a mistake at sometime in identifying some other hogs which he had taken into his own possession. The jury heard this evidence and, no doubt, gave due consideration to all questions of interest or bias of witnesses.

We cannot say, as a matter of law, that the jury erred on either one of these propositions.

The judgment is affirmed.