

*Maurice L. Reinberger* and *E. D. Dupree, Jr.,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

Smith, J. Appellant was convicted, upon his trial, under an indictment which charged that he had stolen "one cow, the property of Joe Randolph." The undisputed testimony is to the effect that the cow was not the property of Joe Randolph, but was owned by Mrs. F. S. Randolph, his mother. Except only the allegation that the stolen cow was the property of Joe Randolph, there was no allegation tending to identify the offense charged. There was no testimony that Joe Randolph

was in the exclusive possession of the cow or had any right to its possession. On the contrary, the testimony was to the effect that the cow in question ran on the range near the home of Mrs. Randolph, which was 18 miles from Joe Randolph's residence.

A reversal of the judgment sentencing appellant to the penitentiary is asked upon the ground that there was a variance between the allegation and the proof of ownership. But, notwithstanding this undisputed fact, an affirmance of the judgment is asked upon the authority of the case of *Tucker and Peacock* v. *State,* 194 Ark. 528, 108 S. W. 2d 890.

That case involved the larceny of twelve hogs, alleged to be the property of Bailey Jones, who testified that the hogs belonged to him. The trial court refused to instruct the jury to return a verdict of not guilty if Bailey's ownership was not established by the testimony, but gave an instruction telling the jury the allegation of ownership had been established if it were found either that Bailey had title to the hogs or had them in his exclusive possession at the time they were stolen. This was held not to be error under the testimony in that case.

The indictment in this case of *Tucker and Peacock* v. *State, supra,* contained the allegation that the accused had transported the stolen hogs "to the home of Vance Tucker in Drew county," which was a circumstance identifying the larceny charged.

Here, there is no fact or circumstance alleged identifying the larceny except the allegation that the cow in question was the property of Joe Randolph, which the undisputed testimony shows to be untrue.

In the case of *Andrews* v. *State,* 100 Ark. 184, 139 S. W. 1134, (cited and quoted from in the Tucker and Peacock case, *supra*), the indictment, there held sufficient, recited the firm name and style of the partnership which owned the stolen property, but incorrectly alleged the name of one of the partners. The opinion in this Andrews case quoted § 2233, Kirby's Digest (now

appearing as § 3840, Pope's Dig.), reading as follows: "Where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other·respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be i n j u r e d, is not material."

Immediately following the quotation (in the Andrews case) of this statute, it was said: "This court has repeatedly held, since the enactment of the Code, that correctly naming the injured party in an indictment for larceny and kindred offenses is essential to the identification of the stolen property, and that the above quoted section has no application where the correct name is not given. *Blankenship* v. *State*, 55 Ark. 244, 18 S. W. 54; *Merritt* v. *State*, 73 Ark. 32, 83 S. W. 330. In the Blankenship case, *supra,* where the indictment was for larceny of property alleged to belong to the two individuals named, and the proof showed different initials of one of the parties named, Judge BATTLE, speaking for the court, said: 'Assuming that this section is applicable to cases like this, an erroneous allegation as to the ownership of the goods stolen can only be cured by describing the alleged offense in other respects with such certainty as to identify the act.' "

The opinion in this Andrews case proceeded to hold the indictment good, notwithstanding the erroneous allegation of the name of one of the partners, and Chief Justice McCULLOCH, speaking for the court, said: "If the statute has any application at all to larceny and kindred cases, and if any effect at all is to be given to it in such cases, we must hold that it applies, and that, there being a sufficient identification of the property in stating the partnership name, the statute applies and renders the erroneous allegation as to one of the persons injured immaterial."

The opinion in the case of *Tucker and Peacock* v. *State, supra,* cites and quotes from the opinion in the case of *Porter* v. *State,* 123 Ark. 519, 185 S. W. 1090, in which case the ownership of the stolen property was

alleged to be in J. B. and W. A. J. Sturdivant, whereas it was shown by the testimony that W. A. J. Sturdivant was the sole owner. It was held that naming a person as an owner who had no interest in the property must be treated as mere surplusage, inasmuch as the indictment did correctly allege as an owner the name of the person who was the sole owner. It was said in the Andrews case: "In other words, an indictment must allege the names of the owners to enable the court to pronounce judgment, on conviction, according to the rights of the case and to prevent prejudice to the substantial rights of the defendant. If he is to be convicted he has the right to have named in his indictment all persons who are supposed to have been aggrieved by his act, so that he may prepare for his defense and plead the acquittal or conviction successfully should he be again indicted for the same offense, but when this has been done, and the indictment is otherwise sufficient, he is not prejudiced by the insertion of the name of a person as an owner who, in fact, has no interest in the property alleged to have been stolen."

An affirmance of the conviction in the instant case is asked upon the authority of §§ 3013 and 3014, Crawford & Moses' Digest, cited in the opinion in the case of *Tucker and Peacock* v. *State, supra,* now appearing as §§ 3835 and 3836, Pope's Digest. They read as follows:

"Section 3835. The indictment is sufficient if it can be understood therefrom:

"First: That it was found by a grand jury of a county impaneled in a court having authority to receive it, though the name of the court is not accurately stated.

"Second: That the offense was committed within the jurisdiction of the court, and at some time prior to the time of finding the indictment.

"Third: That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case.

"Section 3836. No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

These sections of the statutes do not operate to cure the error of the variance between the allegation and proof as to the ownership of the cow alleged to have been stolen in the instant case. As was said in the opinion in the Porter case, above quoted, the accused had the right to have named in the indictment all persons who are supposed to have been aggrieved by his act, and if this is not done, then the larceny must otherwise be charged with such detail as to certainly indicate the offense, so that, as was also said in the Porter case, *supra,* the accused may prepare for his defense and be in position to plead an acquittal or conviction successfully should he again be indicted for the same offense.

Here, ownership was alleged in one who did not own the stolen property, and no facts or circumstances were alleged making definite and certain that appellant was charged with stealing a cow the property of Mrs. Randolph. It cannot, therefore, be said that it did not tend to the prejudice of appellant to be convicted of stealing a cow alleged to be the property of one person whereas it was the property of another without allegations making definite the fact that he was charged with stealing the property of that other person.

We, therefore, hold, as it has been many times held by this court, that ownership is a material allegation in prosecutions for larceny, and that the allegation in this respect, which the testimony does not sustain, is a fatal variance unless the crime is otherwise so identified and described in the indictment or information as to make definite and certain the offense charged, so that the accused may prepare for trial and be able to plead former acquittal or conviction, if he be again charged with the commission of the same offense.

It follows, from what we have said, that the judgment must be reversed, and it is so ordered.