**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69758-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| R.R.T. (D.O.B. 8/19/98), | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: January 13, 2014 |
| | ) | |

COX, J. – For a theft charge, "allegations of ownership must be sufficiently stated in an information to establish that the property was not that of the accused, to protect the accused against a second prosecution for the same crime, and to avoid misleading or embarrassing the accused in the preparation of his or her defense."[1] Here, the information sufficiently stated "allegations of ownership" to meet these three requirements. We affirm.

R.R.T. does not challenge the juvenile court's findings of fact, so they are verities on appeal.

On July 28, 2012, Julianna Sharifah and Jason Hendrix were preparing to move out of their apartment in Auburn. The couple had a number of people at their apartment that day, including their children and their children's friend, R.R.T.

Hendrix planned to sell sunglasses and an iPhone to Sharifah's mother. These two items were on the couple's kitchen counter. Hendrix saw R.R.T. take

---

[1] State v. Lee, 128 Wn.2d 151, 159, 904 P.2d 1143 (1995).

the items and run out of the apartment. Sharifah and her mother did not see R.R.T. take the items, but they saw him running.

The State charged R.R.T. with third degree theft of property. The information stated that R.R.T. wrongfully obtained sunglasses and an iPhone that belonged to Sharifah. But the testimony at the adjudication hearing established that Hendrix actually owned the stolen property.

After the State rested, R.R.T. moved to dismiss the case, arguing that the State failed to prove that Sharifah owned the stolen property as was stated in the information. The court denied the motion.

R.R. T. appeals.

## SUFFICIENCY OF INFORMATION

R.R.T. argues that the information was defective because it identified the wrong owner of the stolen property. Given the circumstances of this case, we disagree.

We review challenges to the sufficiency of a charging document de novo.[2] "A defendant has a constitutional right to be informed of the nature and cause of the charges against him."[3] Thus, "*all* essential elements of an alleged crime must be included in the charging document in order to afford the accused notice of the nature of the allegations so that a defense can be properly prepared."[4]

_____

[2] State v. Williams, 162 Wn.2d 177, 182, 170 P.3d 30 (2007).

[3] State v. Greathouse, 113 Wn. App. 889, 899, 56 P.3d 569 (2002) (citing WASH. CONST. art. 1 § 22; U.S. CONST. amend. VI).

[4] State v. Kjorsvik, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991).

Here, the information stated in full:

> I, Daniel T. Satterberg, Prosecuting Attorney for King County in the name and by the authority of the State of Washington, do accuse [R.R.T.] of the crime of **Theft in the Third degree**, committed as follows:
>
> That the respondent, [R.R.T.], in King County, Washington on or about July 28, 2012, with intent to deprive another of property, to-wit: sunglasses and an iPhone, did wrongfully obtain such property belonging to Julianna Sharifah;
>
> Contrary to RCW 9A.56.050 and 9A.56.020(1)(a), and against the peace and dignity of the State of Washington.[5]

RCW 9A.56.050 provides that "[a] person is guilty of theft in the third degree if he or she commits theft of property or services which (a) does not exceed seven hundred fifty dollars in value." According to RCW 9A.56.020(1)(a), "theft" means "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services."

In State v. Lee, the supreme court explained that it has "repeatedly held that the name of the person from whom property is stolen [is] not an element of larceny" or theft.[6] Rather, the "State is required to prove only that it belonged to someone other than the accused."[7]

---

[5] Clerk's Papers at 1.

[6] 128 Wn.2d 151, 158, 904 P.2d 1143 (1995) (citing State v. Jefferson, 74 Wn.2d 787, 790, 446 P.2d 971 (1968); State v. Easton, 69 Wn.2d 965, 967-68, 422 P.2d 7 (1966)).

[7] Id. at 159.

In <u>Lee</u>, jury instructions were at issue.[8] Specifically, the issue was "whether the trial court erred in failing to instruct the jury that it had to unanimously agree on the victim of the theft."[9] The court concluded that "the 'to convict' instruction provided in [that] case was correct and that no unanimity instruction regarding the victim's identity was needed."[10]

But the court went on to explain how the victim's name is relevant to a charging document: "Though not a necessary element of a theft instruction, allegations of ownership must be sufficiently stated in an information [(1)] to establish that the property was not that of the accused, [(2)] to protect the accused against a second prosecution for the same crime, and [(3)] to avoid misleading or embarrassing the accused in the preparation of his or her defense."[11] "'The names of the owners of stolen property constitute no part of the offense and are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused.'"[12]

In <u>State v. Greathouse</u>, this court reiterated that an information must contain sufficient "allegations of ownership" for the same three reasons that <u>Lee</u>

---

[8] <u>Id.</u> at 156.

[9] <u>Id.</u>

[10] <u>Id.</u> at 160.

[11] <u>Id.</u> at 159

[12] <u>Id.</u> (quoting 50 AM. JUR. 2D LARCENY § 139 at 131 (1995)).

outlined.[13] It commented that "the easiest and clearest way to protect the accused against a second prosecution for the same crime, and to avoid misleading or embarrassing the accused in the preparation of his or her defense, would be to name" the owner of the allegedly stolen property or victim of the alleged theft.[14] But it clarified that "failure to do so does not invalidate the information or render it constitutionally insufficient."[15]

Here, at issue is whether the information is sufficient even though it incorrectly named Julianna Sharifah as the owner of the stolen property. Given the circumstances of this case, the information was sufficient to meet the three requirements set out in Lee.[16]

First, the information established that R.R.T. did not own the stolen items. Whether Sharifah or Hendrix owned the items does not change the allegation that R.R.T. did not own them.

Second, the information specified the date and place of the alleged crime and the items allegedly stolen. The specificity of these allegations protected R.R.T. against a second prosecution for the same crime.

Third, the allegations did not mislead or embarrass R.R.T. in the preparation of his defense. While R.R.T.'s counsel believed that the case could be dismissed because the State failed to prove that the stolen items belonged to

---

[13] 113 Wn. App. 889, 904-05, 56 P.3d 569 (2002).

[14] Id.

[15] Id. at 905.

[16] Lee, 128 Wn.2d at 159.

Sharifah, R.R.T.'s counsel was still able to present the defense that someone other than R.R.T. stole the items.

The "allegations of ownership" met Lee's requirements, and the information was sufficient.

R.R.T. argues that all of the requirements of Lee were not met. He contends that defense counsel was "misled by the [S]tate's erroneous ownership allegation in the preparation of R.R.T.'s defense." But based on the record of the adjudication proceeding, R.R.T.'s counsel knew before the hearing that the stolen items actually belonged to Hendrix, not Sharifah. During cross-examination of the first witness, Sharifah, R.R.T.'s counsel asked, "And the phone, your husband had purchased it—or, excuse me, your boyfriend had purchased it?" Counsel also asked, "And the sunglasses, as far as you know, they were also his; is that right?"

Moreover, it is not clear how R.R.T.'s counsel would have defended differently if the information had stated the correct name. This, of course, assumes counsel was not already aware of the true ownership of the stolen items.

R.R.T. also contends that an Arkansas case, cited approvingly by Lee, supports a conclusion that the incorrect name in the information was a fatal defect.[17] But that case is distinguishable.

---

[17] Opening Brief of Appellant at 17-18 (citing Von Tonglin v. State, 143 S.W.2d 185 (1940)).

In Von Tonglin v. State, the Arkansas Supreme Court reversed a judgment because the indictment in that case had a "fatal variance" between the information and the evidence.[18] There, John Von Tonglin was convicted "under an indictment which charged that he had stolen 'one cow, the property of Joe Randolph.'"[19] The indictment did not contain any other "fact or circumstance."[20] At trial, undisputed testimony established that the cow was actually the property of Joe Randolph's mother.[21] The court held,

> [O]wnership is a material allegation in prosecutions for larceny, and that the allegation in this respect, which the testimony does not sustain, is a fatal variance unless the crime is otherwise so identified and described in the indictment or information *as to make definite and certain the offense charged*, so that the accused may prepare for trial and be able to plead former acquittal or conviction if he be again charged with the commission of the same offense.[22]

Here, in contrast, the information was more "definite and certain" because it contained details beyond the allegation that Sharifah owned the sunglasses and iPhone. Thus, unlike Von Tonglin, the variance in this case is not fatal.

Finally, R.R.T. asserts that this court should not look to Greathouse because that case involved an information that completely omitted the stolen property owner's name. While Greathouse is distinguishable on this fact, that

---

[18] 143 S.W.2d 185, 187 (1940).

[19] Id. at 185.

[20] Id.

[21] Id.

[22] Id. at 187 (emphasis added).

case is still helpful because of its explanation in Lee.[23] Thus, our discussion of this case is relevant despite this distinguishing fact.

We affirm the order on disposition.

_Cox, J._

WE CONCUR:

_Spearman, A.C.J._         _Schindler, J._

---

[23] See Greathouse, 113 Wn. App. at 902 (citing Lee, 128 Wn.2d at 159-60).